### HEARN et al. v. SCHUCHMAN.

(Supreme Court, Appellate Division, First Department. May 3, 1912.)

1. MONEY RECEIVED (§ 19*)—DAMAGES FROM UNLAWFUL CONTRACT—BRIBERY.
    Where a repair company unlawfully agrees with employés of the owners of vehicles to pay the employés a certain per cent. of all business which they bring, and where it is a part of the agreement that unnecessary material and work shall be ordered at an extravagant price, and where this agreement is carried out to the damage of such owners, they cannot, because of the unlawful contract, recover from the repair company the entire amount paid by them for repairs, but only the difference between what they paid, and what they should have paid.
    [Ed. Note.—For other cases, see Money Received, Cent. Dig. §§ 73–80; Dec. Dig. § 19.*]

2. PLEADING (§ 193*)—DEMURRER.
    A complaint which stated a cause of action for money had and received was not demurrable because the plaintiff prayed judgment for more than he was entitled to.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 425, 428–435, 437–443; Dec. Dig. § 193.*]

    Ingraham, P. J., and Dowling, J., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by George A. Hearn and others against George Schuchman. From an order granting plaintiffs' motion for judgment on the pleadings, defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Lawrence B. Cohen, of New York City, for appellant.

H. Snowden Marshall, of New York City, for respondents.

SCOTT, J. [1] The plaintiffs are merchants having occasion to use in their business delivery wagons and automobiles. The defendant is and has been between the dates mentioned in the complaint a builder and repairer of such vehicles. Between June 4, 1907, and February 28, 1911, plaintiffs had in their employ George Reinemann and Frank Kelsey, who were authorized to purchase and contract for plaintiffs and to employ service and labor for them. It is alleged that between the dates aforesaid a corrupt, illegal, and criminal agreement was made, without plaintiffs' knowledge, between said Reinemann and Kelsey on the one hand and defendant on the other, wherein and whereby the said defendant offered and agreed to give to said Reinemann and Kelsey, for themselves, a commission, discount, and bonus upon the price and amount paid for all materials, supplies and other articles which should be purchased by said Reinemann and Kelsey for the plaintiffs, and upon the amount and price paid for services and labor employed from said defendant by the said Reinemann and Kelsey for the plaintiffs, and said Reinemann and Kelsey agreed to receive for themselves such commission, discount, and bonus. It is then alleged that between the dates specified said Reinemann and Kelsey, for the plaintiffs, procured and purchased wagons, automobiles, materials, and supplies, and had work and labor done by way of repairing amounting in the aggregate to $41,469.46, which plaintiffs paid to said defendant, and thereupon said defendant, in fulfillment of said corrupt agreement, paid to said Reinemann and Kelsey a commission, bonus, or discount amounting to about $4,146.65. There are numerous other allegations in the complaint designed to bring the case within the terms of section 439 of the Penal Law (Consol. Laws 1909, c. 40), which makes such an agreement as is set forth in the complaint unlawful and criminal. The theory of the complaint is that because defendant's acts in paying bribes to plaintiffs' servants were unlawful, and, if known to plaintiffs before they had paid anything to defendant, would have furnished a defense to an action by him (Sirken v. Fourteenth Street Store, 124 App. Div. 384, 108 N. Y. Supp. 830), therefore plaintiffs may now recover the sum so paid in an action for money had and received, which defendant in equity and good conscience ought to return. Plaintiffs therefore seek to recover the whole amount which they have paid to defendant between the dates named in the complaint. The Sirken Case, upon which plaintiffs rely, does not go to the extent of justifying a recovery of all the money paid. It went no further than to hold that the courts would not aid a seller who had

been guilty of violating the law, but would leave him where he had put himself.

An action to recover back moneys already paid rests upon a wholly different foundation. Its gravamen is that the plaintiff has been damaged by the unlawful acts of the defendant, and the most that the plaintiff can recover is the amount of his damage, being the difference between what he ought to have paid and what he did in fact pay, for, of course, in the present case, the plaintiffs cannot return what they have received from defendant and rescind the contract. The plaintiffs cannot, therefore, recover the whole amount paid to defendant.

[2] The demurrer, however, is to the effect that the complaint states no cause of action, and it cannot prevail if there be any cause of action stated, even if it be for a less amount than that for which plaintiff prays judgment, for the prayer does not determine the sufficiency of the complaint. Wetmore v. Porter, 92 N. Y. 76. It is alleged that as an incident to and embraced in the corrupt and unlawful agreement above recited it was further agreed, and the agreement was carried out, that unnecessary materials and work should be ordered and purchased, that excessive and extravagent prices should be charged, and that false charges should be made against plaintiffs for supplies and materials never furnished, and in divers other ways by collusion and conspiracy between the said employés and defendant the plaintiffs were cheated and defrauded. These allegations in my opinion set forth a cause of action justifying a recovery, although doubtless not for the full amount claimed in the complaint. If a complaint sets out a good cause of action, it is proof against a complaint for insufficiency, notwithstanding it may be inartificially framed or might have been obnoxious to a demurrer on other grounds. For this reason the order appealed from should be affirmed with $10 costs and disbursements, with leave to defendant to withdraw his demurrer and answer within 20 days upon payment of costs in this court and in the court below.

McLAUGHLIN and CLARKE, JJ., concur.

INGRAHAM, P. J. (dissenting). The defendant demurred to the complaint in this action upon the ground that it did not state facts sufficient to constitute a cause of action. Upon the complaint and the demurrer the plaintiffs made a motion at Special Term for judgment on the pleadings, which motion was granted with leave to the defendant to withdraw the demurrer and answer. The nature of the action is stated in the opinion of Mr. Justice SCOTT. The action is not brought to recover damages caused to the plaintiffs by a violation of section 439 of the Penal Law, but is distinctly brought for the purpose of recovering from the defendant the amount of money that plaintiffs had paid to it for the work, labor, and materials furnished by the defendant for the plaintiffs. It is in the nature of an action for money had and received by the defendant, and is based upon the fact that the defendant agreed with certain of plaintiffs' employés to pay to such employés a commission of 10 per cent. upon all orders and

work that the defendant received from the plaintiffs. It is not alleged in the complaint that the work, labor, and materials furnished by the defendant were without value, but the only allegation in regard to the character of the work, labor, and materials furnished by the defendant is that contained in the seventh clause of the complaint, which alleges that it was agreed by and between the plaintiffs' employés on the one hand and the defendant with intent to defraud the plaintiffs on the other that the plaintiffs' employés "would give orders to the said defendant to furnish unnecessary supplies and materials on behalf of the plaintiffs, and to do unnecessary work and labor for the plaintiffs, and to charge excessive and extravagant prices for such materials and supplies and for such work, labor, and service for the plaintiffs, and to furnish defective and faulty labor and service for the plaintiffs below the grade and quality of the supplies and materials and labor and service desired and required by the plaintiffs, and which the defendant duly agreed to furnish, and to make false charges against the plaintiffs for supplies and materials never furnished, and for labor and services never performed, and in divers other ways to cheat and defraud the plaintiffs." And that, pursuant thereto, the plaintiffs' employés did, with the intent aforesaid, give orders to the defendant on behalf of the plaintiffs to furnish unnecessary supplies and material, etc., and to make false charges against the plaintiffs for such supplies and materials never furnished and for labor and services never performed, and did furnish unnecessary supplies and materials to the plaintiffs, and did unnecessary work and labor for the plaintiffs, and charged excessive and extravagant prices for such materials and supplies, and in divers other ways cheated and defrauded the plaintiffs.

The complaint then alleges that the contract made with the plaintiffs' employés was a violation of section 439 of the Penal Law, and the making of such a contract made all contracts between the plaintiffs and defendant void and unenforceable; that the defendant suppressed and concealed from the plaintiffs all knowledge of said illegal and criminal agreements, and all knowledge of any and all commissions, discounts, and bonuses received by the plaintiffs' employés; that, if the plaintiffs had known of said facts, they would not have paid defendant the said sum of $41,469.46 which they paid the defendant for work, labor, and materials furnished, and that the said corrupt, illegal, and criminal agreements constituted a good and valid defense at law or in equity against any claim or demands which might have been made by the defendant against the plaintiffs on account of such materials and supplies and such labor and services, and, if the plaintiffs had known said facts, they would not have paid anything on account of said orders and contracts; that, by reason of the premises, the plaintiffs were induced by the said willful and fraudulent concealment and suppression of the said facts by the defendant in concert and in conspiracy with the plaintiffs' employés and by mistake and misapprehension to pay the sum of $41,469.46 to the defendant; that the plaintiffs were entitled to recover back from the defendant the said sum of money by reason of the premises; and that by reason thereof, namely, the payment of the $41,469.46, the plaintiffs have been damaged in that sum, for which they have made due demand.

The only allegation of damage is the allegation of damage caused by the payment of the money to the defendant. There is no allegation that the fraudulent acts of the plaintiffs' employés in giving the orders to the defendant caused the plaintiffs any damage, and the whole complaint is framed to recover the money paid by the plaintiffs upon the ground that as the contract was not enforceable by reason of this corrupt agreement, and, the plaintiffs having paid the money without knowledge of the fact that it was unenforceable, they were damaged by reason of the suppression of that fact, and therefore entitled to recover the money paid. It is conceded in the prevailing opinion that the plaintiff would not have been entitled to recover back the whole sum of money paid without returning to the defendant the goods, materials, and merchandise furnished, or allowing to the defendant the reasonable value of such materials and the work and labor that had been furnished and used by the plaintiffs. The plaintiffs make no offer in the complaint to return or allow for any of the materials, work, or labor that it has received from the defendant, and it seems to me, in the absence of such an offer in the complaint or any allegation in the complaint that the excessive or fraudulent orders given by the plaintiffs' employés or improper work or improper charges made by the defendant for the work, labor, and materials actually furnished have injured the plaintiffs, that the complaint does not state a cause of action.

I think, therefore, this motion should have been granted, and the order appealed from should therefore be reversed.

DOWLING, J., concurs.