(80 Misc. Rep. 311.)

### HEARN et al. v. SCHUCHMAN.

(Supreme Court, Special Term for Motions, Nassau County. April 19, 1913.)

1. CONTRACTS (§ 266*)—CORRUPTION OF EMPLOYÉ—RIGHTS OF MASTER.

Penal Law (Consol. Laws 1909, c. 88) § 439, providing that whoever gives or promises to any employé any gift, without the knowledge of the master, with intent to influence his action as to the master's business, shall be guilty of a misdemeanor, as shall be any one who offers any bonus to a servant to procure a contract for materials or labor, is purely penal, and does not give the wronged master, who received the benefits of the contract, any right to recover back the entire compensation paid.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1186; Dec. Dig. § 266.*]

2. CONTRACTS (§ 266*)—RESCISSION—FRAUD.

Where defendant, by a secret commission, induced plaintiff's agents to give him the contract for painting plaintiff's delivery wagons, plaintiff, having paid for the painting, cannot, because of the fraud, recover back the entire compensation paid, but only any damages caused thereby, on proof thereof.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1186; Dec. Dig. § 266.*]

3. DAMAGES (§ 6*)—CERTAINTY—CONTRACTS—RESCISSION—FRAUD.

The fact that proof of damage may be impossible, owing to the collusion between defendant and plaintiff's agents, will not excuse plaintiff from proof of the damages actually incurred.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 5; Dec. Dig. § 6.*]

Action by George A. Hearn, George E. Schank, Clarkson Cowl, and Herbert S. Greims, copartners trading under the firm name and style of James A. Hearn & Son, against George Schuchman. On motion for judgment on complaint and demurrer. Motion denied, with leave to plaintiffs to amend.

See, also, 140 N. Y. Supp. 1123.

Plaintiffs move for judgment on complaint and demurrer. The complaint in substance alleges that between 1907 and 1911 the defendant, as a builder, repairer, and decorator of wagons and automobiles, did repairing and painting upon the wagons used by the plaintiffs in connection with their business as merchants, and was paid $39,626.66, and that, in order to influence and induce the giving of such work to him, he secretly paid, as plaintiffs have since discovered, 10 per cent. of the amounts of his bills to certain employés who were in charge of that department of plaintiffs' business. The judgment demanded is that all the transactions between the plaintiffs and the defendant be set aside as void, and plaintiffs repaid the full amount they had paid defendant. The demurrer is that the complaint fails to state a cause of action.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

O'Gorman, Battle & Marshall, of New York City, for plaintiffs.
Lawrence B. Cohen, of New York City, for defendant.

KELBY, J. [1] The corrupting of employés, by secret bribes and presents, to influence the placing of the employer's trade, which prior to 1905 was a moral wrong and an evil business practice, was by section 384r of the Penal Code (now section 439 of the Penal Law) made a crime, punishable by fine and imprisonment. In the case of Sirkin v. Fourteenth Street Store, 124 App. Div. 384, 108 N. Y. Supp. 830, it was held that this statute implied a prohibition, and that contracts procured by such bribes or presents were void, so that the briber would not be aided by the courts in any effort to recover upon or otherwise enforce them.

The theory of the complaint in this case is that because the bribery of the plaintiffs' employés was prohibited, and, if known before they had paid defendant, would, under the decision in the Sirkin Case, have been sustained as a complete defense, they may now, after discovery of the fact, have the transactions declared wholly void, and recover the entire sum of the payments which they made. They claim that they are excused from the usual duty of suitors, who seek rescission, of restoring what they have received, because the labor and materials which defendant furnished became an integral part of their vehicular plant, and have from necessary wear and tear, become obsolescent and valueless, and that the only parties who might aid them to fix its reasonable value, so that they might tender it, were those in the corrupt collusion with the defendant. The complaint does not specifically mention the statute, but it uses its very phraseology in the sixth and fourteenth paragraphs, and the plaintiffs' reliance upon it is undisputed.

In a prior action between the parties, brought in the First department, it was held that plaintiffs were not entitled to recover the whole amount paid, in an action proceeding on the common-law principle of money had and received. Hearn v. Schuchman, 150 App. Div. 476, 135 N. Y. Supp. 52. With some changes in the facts pleaded, the present effort is to obtain that relief under the exercise of the equitable jurisdiction of the court. From prior proceedings in the case, the court has judicial knowledge that the defendant has undergone conviction and punishment, by fine and imprisonment, for his offense; and if he is also compelled, in addition to the 10 per cent. of his bills which he used in the bribery, to surrender the 90 per cent. for which, it is not directly questioned, there was value received from him, the result would hardly seem, in general understanding, to be equitable in fact. I am of the opinion that plaintiffs are not entitled to the remedy they seek, and should be restricted to the recovery of their actual damage; that is, the difference between what they can show they ought to have paid, and what in fact they did pay, for the work done.

What the court has here to deal with are fully executed contracts, concededly in their inception wrongful by the condemnation of the penal statute, and voidable, but never wholly void, so far as the plaintiffs are concerned. Statutes prohibiting and punishing certain sorts of contracts as public evils sometimes add to their prohibitory force by declaring such contracts utterly void as to both parties, or by es-

tablishing, in addition to the criminal penalties, new civil remedies to any one directly wronged thereby, being penal as to the wrongdoer, but remedial as to the party wronged. Sutherland, Statutory Construction, § 359; Endlich on Statutes, §§ 331–333. Examples easily instanced are usury laws, under which the borrower may keep his principal, and gaming laws, which by abrogating the maxim that between wrongdoers the defendant is in the better position, permit the loser to recover his loss. The statute under consideration is not, however, of that character. It is purely penal, designed not to civilly redress a private injury, but to criminally punish a public evil. It does not declare that contracts induced by its violation are void utterly, or for every purpose, and to every party. It is true that in the Sirkin Case, upon which plaintiffs principally rely, it was held that·such contracts were void; but the court was in that case considering only the wrongdoer, and was under no necessity of directly drawing the distinction that contracts procured by violating the statute, while void .as to the wrongdoer, would be merely voidable as to the party wronged. A contract may, either by statutory prohibition or by common-law prohibition, have that effect. Inlow v. Christy, 187 Pa. 186, 190, 40 Atl. 823; Blinn v. Schwarz, 177 N. Y. 252, 259, 69 N. E. 542, 101 Am. St. Rep. 806.

[2] By this statute the party wronged is left in the civil courts, as is also the wrongdoer, in the same position in which the law might find him. The law will not aid the briber to recover upon the contract; but, if it has been executed, it will not take from him all that he has received. and restore it to the other party. There is no new species of actionable civil fraud declared. The terms "fraud" and "fraudulent," used in the opinions in the Sirkin Case, were used only in a sense ethically denunciatory, and not legally definitive. The employer is left to pursue the remedies he had before. It is not to be doubted that, if the contract were executory, he could sue for cancellation or to compel the briber to perform, as he thought one or the other would benefit him; and equally it is not to be doubted that, where it is executed, he has but the ordinary forms of redress in cases of fraud perpetrated, which are enumerated in Vail v. Reynolds, 118 N. Y. 297, 23 N. E. 301. These do not extend to absolute rescission and complete repayment of all moneys received, unless there is restitution before action, or offer to restore and actual tender thereof made at the trial. Vail v. Reynolds, supra; Gould v. Cayuga County Nat. Bank, 86 N. Y. 75.

The cases cited by plaintiffs, where the rescission was asked of unexecuted or partially executed contracts, are clearly distinguishable. Furthermore, this case is, in substance, a prayer for the repayment of the whole amounts paid by the plaintiffs, without any tender of, or allowance for, the value of the work admittedly done by defendant and used by plaintiffs, and without any claim by them of any actual damage, or subjection to any limitation therein. The law takes cognizance of fraud, generally speaking, only when it has succeeded, completely or partially; that is, in the language of the law, only upon proof of "damages" caused by it.

"It was long since laid down that fraud without damage afforded no ground for redress in a suit for damages, and, it might be added, no ground of defense or of relief in equity, except by way of rescinding an executory contract." Bigelow on Fraud, 540, 541.

Pomeroy expresses this positively, and as a familiar principle:

"Fraud without resulting pecuniary damage is not a ground for the exercise of remedial jurisdiction, equitable or legal." 2 Eq. Jurisprudence (3d Ed.) 898.

[3] The difficulty which plaintiffs say should relieve them from the burden of "overcoming the presumption that no unproved damages were sustained, which the law raises between ordinary litigants," and which difficulty they also allege stands in the way of their making any tender of the reasonable value of what they received, rests wholly upon the assumption that the defendant, and the employés in the corrupt collusion with him, will on the trial continue to collude, and still persist in their original dishonesty. It may be entirely possible that they will do so; but there would then be presented no more than the difficulty, commonly experienced, of extracting essential facts from hostile or reluctant witnesses. The damage sustained could be approximated by proof in support of allegations, such as were made in the complaint in the action in the First department (150 App. Div. 476, 135 N. Y. Supp. 52), to the effect that unnecessary materials and work were ordered, and excessive prices paid; but such allegations are in the present complaint completely omitted. The inference that defendant overcharged plaintiffs to the amount he paid in bribes is thus excluded. Indeed, any claim for any damage is excluded by the logic of the theory of their rights which plaintiffs have elected to adopt and affirm. This is that the statute has, in effect, created a new remedy or cause of action, based solely upon its violation, irrespective of actual damage, upon which they can exclusively rest. I do not think it has.

Plaintiffs' motion should be denied, with $10 costs, and leave to plaintiffs to amend their complaint, on payment of such costs; the order to be settled on notice.