GEORGE E. SCHANK et al., Copartners under the Firm Name of JAMES A. HEARN & SON, Appellants, *v.* GEORGE SCHUCHMAN, Respondent.

Pleading — when complaint states cause of action at law for money had and received and not one in equity — when plaintiff cannot maintain action in absence of allegation of discrepancy between value received and price paid.

In an action for the rescission of an alleged contract and transactions thereunder and for the repayment of moneys paid in pursuance thereof, plaintiffs allege that during a term of years they bought of the defendant certain wagons and parts of wagons, and also employed him to make repairs; that during all that time two men were in their service charged with the duty of inspecting purchases and repairs, and that payment was not made until they had furnished their certificate of approval; that these men received from the defendant a bonus or commission of ten per cent of the bills which they approved, and that this payment was made to them "with intent to influence their action in relation to the business of the plaintiffs." Plaintiffs further allege that when the wrongs complained of came to their knowledge they could no longer restore to the defendant the benefits received from him for the reason that the wagons and parts of wagons furnished and those upon which repairs had been made were worn out and useless, and that since the work was under the exclusive supervision of their

dishonest agents they had no means of determining whether there was any discrepancy between the value of the articles furnished and the price paid.   On these allegations plaintiffs ask that all the transactions be set aside; that the contracts under which the payments were made be declared void, and that the defendant be required to repay all moneys which he has received, with interest from the dates of payment. *Held*, that the complaint states a cause of action at law for money had and received and not one in equity; that the plaintiffs cannot recover; that an action for money had and received is based upon equitable principles; that plaintiffs having admitted that they have received property and services of value, which they have wholly consumed, must show, in order to reclaim the money, that its retention by the defendant is against good conscience, and that they do not show this in the absence of an allegation of some disparity between the value and the price.

*Hearn* v. *Schuchman*, 157 App. Div. 926, affirmed.

(Argued June 2, 1914; decided July 14, 1914.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 27, 1913, which affirmed an order of Special Term denying a motion by plaintiff for judgment in his favor on the pleadings.

The following question was certified: "Does the amended complaint herein state a cause of action against the defendant?"

The nature of the action and the facts, so far as as material, are stated in the opinion.

*H. Snowden Marshall* and *Isaac H. Levy* for appellants.   The rule of equity that requires restoration has no application where it may be manifested upon the trial that the wrongdoer had so complicated matters as between himself and the party seeking relief that restoration is entirely or partially impossible or impracticable. (*Continental Securities Co.* v. *Belmont*, 75 Misc. Rep. 251; *Masson* v. *Bovet*, 1 Den. 69; *Hecksher* v. *Edenborn*, 203 N. Y. 228; *Hammond* v. *Pennock*, 61 N. Y. 155;

23

*Gould* v. *Cayaga Co. Nat. Bank*, 86 N. Y. 81; *O'Shea* v. *Vaughn*, 201 Mass. 424; *Gates* v. *Raymond*, 106 Wis. 659; *Hale* v. *Bank of Baldwin*, 127 N. W. Rep. 793.) It is of no consequence that the defendant will in fact be subjected to loss, or that the plaintiffs might benefit. (*Nichols* v. *Russell*, 123 S. W. Rep. 1032; *Guckenheimer* v. *Angevine*, 81 N. Y. 397; *Norton* v. *Gleason*, 61 Vt. 474; *Whitcomb* v. *Denio*, 52 Vt. 387; *Felt* v. *Bell*, 205 Ill. 213; *Hale* v. *Kobbert*, 109 Iowa, 128; *Henninger* v. *Heald*, 51 N. J. Eq. 74.) The principle of equity applicable to this defendant is, he who hath committed iniquity shall not have equity. (*Hopkins* v. *Hopkins*, 1 Atk. 581; *Yeoman* v. *Lasley*, 40 Ohio St. 200; *Globe* v. *O'Connor*, 43 Neb. 49; *Nichols* v. *Russell*, 123 S. W. Rep. 1032; *McCaskey* v. *Graff*, 23 Penn. St. 321; *Sands* v. *Codwise*, 4 Johns. 536.) There was no contract between the plaintiffs and the defendant, express or implied, and the law will not evolve liability to repay to a party his advances made pursuant to a corrupt and criminal scheme, of which the other party is a victim. (*Benedict* v. *Arnoux*, 154 N. Y. 728; *Sirkin* v. *F. S. Store*, 124 App. Div. 384; *Hammlin* v. *Sears*, 82 N. Y. 327; *Guckenheimer* v. *Angevine*, 81 N. Y. 397; *Mullen* v. *O. C. R. R. Co.*, 127 Mass. 86; *Ellison* v. *Beannabia*, 4 Okla. 347; *Ronan* v. *Bluhm*, 173 Ill. 287; *B. & L. Assn.* v. *Walton*, 181 Penn. St. 206.) The transactions in this case were void upon grounds of public policy, a policy which has found expression in section 439 of the Penal Law. (*Kansas* v. *Cross*, 38 Kans. 596; *Reis* v. *Volek*, 151 App. Div. 613; *Alger* v. *Anderson*, 78 Fed. Rep. 729.)

*Lawrence B. Cohen* and *Myron L. Lesser* for respondent. The complaint fails to set forth facts sufficient to constitute a cause of action, in that it fails to make any offer to restore or make any allowance or tender to the defendant for the value of the work, labor and materials

furnished by him to the plaintiffs.   (*Sirkin* v. *F. S. Store,* 124 App. Div. 384; 1 Pom. Eq. Juris. § 388; *Mumford* v. *Am. L. Ins. & Trust Co.,* 4 N. Y. 463; *Gould* v. *Cayuga Co. Nat. Bank,* 86 N. Y. 75; *Bedell* v. *Bedell,* 3 Hun, 580; *Francis* v. *N. Y. & B. E. R. R. Co.,* 108 N. Y. 93; *Pullman* v. *Alley,* 53 N. Y. 637; *Pritz* v. *Jones,* 117 App. Div. 443; 102 N. Y. 549; *Cox* v. *Stokes,* 156 N. Y. 491.)   The principle of equity applicable to this case is, he who seeks equity must do equity.   (1 Pom. Eq. Juris. [3d ed.] 637, § 385; *Charleston & W. C. Ry. Co.* v. *Hughes,* 105 Ga. 1; *Kempe* v. *Campbell,* 44 Ohio St. 210.)

CARDOZO, J.   The plaintiffs bought of the defendant wagons and parts of wagons, and also employed him to make repairs.   Their dealings continued for nearly four years.   In that period, the plaintiffs paid for repairs $39,626.66, and for new wagons or fittings $6,027.48, a total of $45,654.14.   During all that time, two men, in the plaintiffs' service, were charged with the duty of inspecting purchases and repairs, and payment was not made till they had furnished their certificate of approval. It is charged in the complaint that they received from the defendant a bonus or commission of ten per cent. of the bills which they approved.   It is charged that the payment was made to them "with intent to influence their action in relation to the business of the plaintiffs." When these wrongs came to the plaintiffs' knowledge, they could no longer restore to the defendant the benefits received from him.   The work could not be restored: it had been incorporated into the wagons which had since then been worn out or destroyed.   The wagons and parts of wagons could not be restored: they also were worn out and useless.   The plaintiffs say that in this predicament every dollar paid by them to the defendant during the years of their dealings must be repaid without deduction or condition.   They ask that all the transactions be set aside; that the contracts under which the payments were

made, be declared to be void; and that the defendant be required to repay all moneys which he has received, with interest from the dates of payment.

This action is not the first in which the plaintiffs have sought redress from the defendant for the wrongs stated in their complaint. Its form, however, has been varied. In an earlier action, in the first department, they sued the defendant at law for money had and received. They then alleged that he had not only bribed their servants, but had also overcharged them, and that the payments were in excess of the fair value of the defendant's wares and services. The Appellate Division for the first department overruled a demurrer to that complaint, but held that the plaintiffs' right of action was limited to the recovery of any difference between the value which they had received and the money which they had paid. (*Hearn* v. *Schuchman*, 150 App. Div. 476.)

The plaintiffs then discontinued that action, and began the present one in another department. They left out of this complaint the averment that there was a discrepancy between the value and the price. They stated, on the contrary, that since the work was under the exclusive supervision of their dishonest agents, they had no means of determining whether there was such a discrepancy or not. They also recast their prayer for relief by demanding a decree of rescission; and the semblance of an action in equity rather than one at law has thus been given to their pleading. We speak of its form in that regard as a semblance, for we think it is nothing more. The plaintiffs seem to have tried to make out a right of action in equity; but whatever rights they have, we think are purely legal. They do not need at this time the aid of equity. There is nothing at this time for equity to undo. There is no trust to be impressed; no accounting to be decreed; no fiduciary relation to be declared; no instrument to be surrendered. Equity will not entertain an action to declare the rescission of an executed transaction

unless a decree announcing the rescission is essential to the suitor's protection. This necessity may arise from the fact that the transaction, if left apparently outstanding, would affect the title to real estate. It may arise where the defrauded party has been induced to become a stockholder in a corporation, so that there is need, not merely to recover what was paid for the shares, but also to sever relations with other stockholders and creditors. (*Bosley* v. *Nat. Machine Co.*, 123 N. Y. 550, 555.) It may arise, under a great variety of other conditions, where the transaction in one or more of its elements is still executory. (*Davis* v. *Rosenzweig Realty Operating Co.*, 192 N. Y. 128, 133.) If, however, nothing executory remains, an action to declare a rescission, even though fraud is proved, does not lie as of course. "It is not in every case of fraud that relief is to be administered in a court of equity, and it is a well settled rule that wherever a matter respects only a sale of personal chattels, and lies merely in damages, the remedy is at law only. If this had been a sale of a horse to the plaintiff procured by fraud, it would not have been proper for her to resort to an equitable action for relief, because an action at law would furnish her an ample remedy, and give her all the relief to which she could, under any circumstances, be entitled." (*Bosley* v. *Nat. Machine Co.*, *supra; Buzard* v. *Houston,* 119 U. S. 347, 352.) In the case at hand, the transactions have been fully executed. The plaintiffs are simply seeking to get back a sum of money paid under a contract, not affecting real estate, which they have elected to declare a nullity. To render that relief effective, it is not required that a court of equity should anathematize the closed transactions. The cause of action is at law, and the legal remedy is adequate. (*Bosley* v. *Nat. Machine Co.*, *supra; U. S.* v. *Bitter Root Dev. Co.*, 200 U. S. 451; *Equitable Life Assurance Society* v. *Brown,* 213 U. S. 25, 50; *Curriden* v. *Middleton,* 232 U. S. 633.)

The present action, like the earlier one, is, therefore, in

reality, for money had and received. That is always the legal remedy available where a defrauded purchaser, waiving the tort, elects to rescind and to reclaim his payments. (*Rothschild* v. *Mack*, 115 N. Y. 1, 8.) The action for money had and received is based, however, upon equitable principles. The plaintiffs must show that it is against good conscience for the defendant to keep the money. (*Moses* v. *Macferlan*, 2 Burr, 1005.) They do not show this, where they have consumed what they have received, unless the money exceeds the fair value of that which the defendant gave them. If the defendant's work and wares were paid for at fair prices, the plaintiffs have had a just return for every dollar they have parted with, and the defendant, therefore, can keep the money with good conscience. An apt instance of the application of these principles is found in the case of *Western Assurance Co.* v. *Towle* (65 Wis. 247). There the plaintiff had paid to the defendants $1,000 upon a policy of insurance against fire. The payment was procured by false representations and false swearing as to the extent of the loss, which, if seasonably discovered, would have worked a forfeiture of the policy. The court held that in an action for money had and received, the plaintiff could recover "so much only as the amount paid exceeded the actual loss sustained by the insured. The action for money had and received is in some sense an equitable action, and the insurance company having voluntarily paid the money on an alleged loss claimed by the defendants, they can only recover back so much as in equity and good conscience they ought not to have paid."

The plaintiffs argue that the defendant was guilty of the crime denounced by section 439 of the Penal Law, and that he if were now suing for the price, the court would refuse to help him. (*Sirkin* v. *Fourteenth Street Store*, 124 App. Div. 384.) That question is not here, and we do not attempt to pass upon it. The situation which it supposes, differs widely, however, from the one before us.

If the defendant were suing the plaintiffs for the price, and the court were to deny him relief, its refusal would not rest upon the ground that it would be against good conscience for him to have the money. The basis of its refusal would rather be that because of his illegal acts the law would leave him where it found him. (*Oscanyan* v. *Arms Co.*, 103 U. S. 261; *McMullen* v. *Hoffman*, 174 U. S. 639.) In this case it finds him in a situation altogether different. He has received the money, and the plaintiffs are trying to take it away from him. The law may at times refuse to aid a wrongdoer in getting that which good conscience permits him to receive; it will not for that reason aid another in taking away from him that which good conscience entitles him to retain.

The plaintiffs invoke the authority of a line of cases in which it has been held that a victim of a fraud, who is unable, because of changed circumstances, to make restoration to the wrongdoer of benefits received, may still, under certain conditions, recover what he has paid. (*Masson* v. *Bovet*, 1 Denio, 69; *Hammond* v. *Pennock*, 61 N. Y. 145; *Butler* v. *Prentiss*, 158 N. Y. 49, 64; *Heckscher* v. *Edenborn*, 203 N. Y. 210, 228.) In none of these cases, however, was it held that a plaintiff is absolved from the duty of making allowance for benefits received, where his inability to restore them arises from the fact that he has himself had the complete enjoyment of them, and in so enjoying has consumed them. In all such cases it will be found that the destruction of that which the plaintiff must otherwise have returned, was due to causes which made it equitable that the loss should fall on the defendant. Thus, in *Henninger* v. *Heald* (51 N. J. Eq. 74) the plaintiff bought the defendant's land. It was subject to a mortgage, which was afterwards foreclosed. It was held that the loss of the land through the foreclosure did not defeat an action to rescind the sale for fraud. If any surplus had resulted from the foreclosure, the plaintiff would have been required to allow it to the defendant,

# 360 EQUITABLE L. A. SOCIETY *v.* U. P. R. R. Co.

and if there was no surplus, there was nothing that the plaintiff ought equitably to be required to restore. It is needful, therefore, that we distinguish between the causes from which the inability to make restitution arises. If the plaintiffs were sellers and not purchasers, and were suing to recover a horse because of fraud in the procurement of the sale, it would not be contended that they would be excused from repaying the money because they had themselves spent it. The court, in determining the extent to which changed conditions may relieve from the duty of restoration, must weigh the equities of each case, and exact such conditions of reimbursement or allowance as just dealing demands. (*Butler* v. *Prentiss, supra.*)

We think, therefore, that the plaintiffs, admitting, as they do, that they have received property and services of value, which they have wholly consumed, must show, in order to reclaim the money, that its retention by the defendant is against good conscience, and that they do not show this in the absence of an allegation of some disparity between the value and the price.

The order should be affirmed, with costs, and the question certified answered in the negative.

WILLARD BARTLETT, Ch. J., WERNER, HISCOCK, CHASE, HOGAN and MILLER, JJ., concur.

Order affirmed.