LEROY B. ISERMAN, Plaintiff, *v.* J. E. LONG COAL COMPANY, Defendant.

Supreme Court, Kings Special Term, April, 1924.

Sales — action by assignee of buyer to recover amount paid by seller to employee of assignor to induce purchase of coal — no presumption exists that amount so paid as bribe was added to price of coal — summary judgment denied where defendant denied payment was made to induce purchase.

In an action to recover the amount paid by the defendant to an employee of the plaintiff's assignor as a bribe to induce the employee to purchase coal from the defendant for the plaintiff's assignor, which action is based on the theory that the amount of the bribe was added to the purchase price of the coal, summary judgment should not be granted to the plaintiff, where the defendant denies that the money was paid for the purpose claimed and alleges that the amount so paid was not added to the purchase price of the coal, for the defendant has the right to litigate the question as to whether the price paid to it was in fact increased by the amount of the bribe.

There is no presumption, rebuttable or otherwise, that the price at which plaintiff's assignor purchased the coal was increased to the extent of the alleged bribe.

MOTION for summary judgment pursuant to rule 113 of the Rules of Civil Practice.

*Clark, Reynolds & Hinds* (*Roger Hinds,* of counsel), for plaintiff.

*Stetson, Jennings, Russell & Davis* (*Frederick W. Girdner,* of counsel), for defendant.

CARSWELL, J. This is a motion for summary judgment under rule 113. Such a motion may not be granted if the defendant satisfies the court by affidavit or otherwise that it has a real defense to the action and should be allowed to defend. *General Investment Company* v. *Interborough Rapid Transit Co.*, 235 N. Y. 133, 139. The question, therefore, is, has the defendant established that there are issues of fact herein which may only be disposed of upon a trial.

The action is one to recover a sum of money alleged to have been paid by the defendant to an employee of the plaintiff's assignor (Edison Portland Cement Company), as a bribe or gratuity to induce that employee to purchase for the account of his employer large quantities of coal from the defendant. Plaintiff seeks to confine the claim to the exact amount paid by the defendant to the plaintiff's assignor's employee, one Moses. Plaintiff asserts that there is an irrebuttable presumption that the price at which Moses purchased the coal was loaded to the extent of the alleged bribe; that is to say, it is conclusively presumed that but for the bribe payment, the price would have been less, at least to the extent of the bribe money. If this proposition of law is sustained by binding authority, he should prevail on this motion.

The defendant admits making the payment, but claims (a) that it was not paid to induce the purchase of the coal; (b) that it was a gratutity to facilitate the sale of explosives to another company, and (c) that the price of the coal was not increased to cover, in any degree whatever, the amount of the bribe or gratuity, and, therefore, as plaintiff's assignor received full value for its money it was not damaged by the payment of the gratuity. It asserts it should be permitted to submit these issues to a jury.

The form of action in this case, under *Schank* v. *Schuchman*, 212 N. Y. 352, 357, 358, may be treated as one for money had and received. That is a proper form of action to reach the situation involved herein. The decision in *Schank* v. *Schuchman, supra*, however, is such as to preclude sustaining plaintiff's contention that there is an irrebuttable presumption that the price contracted to be paid by a recreant representative is loaded, at least to the extent of such bribe money as may be paid. In that case it was expressly held that in order that a good cause of action may be stated, there must be an allegation of " disparity between the value and the price." If there was a presumption, rebuttable or irrebuttable, recognized in this state of the kind plaintiff invokes, there would have been excepted from the need for an allegation of " disparity between the value and the price " the amount of the actual bribe money, as representing an irreducible minimum, in law, of that disparity.

It is true that the English cases cited by the plaintiff state a more simple rule for enforcing a salutary standard of morals in commercial matters where bribes or gratuities are involved than the rule that has thus far been judicially stated to underlie the enforcible standard in this state. *Hovenden & Sons* v. *Millhoff*, 83 L. T. R. 41, 43 (Ct. of Appeal 1900); 16 Times L. R. 506; *Cohen* v. *Kuschke & Co.*, Id. 489 (Q. B. Div. 1900); *Grant* v. *Gold Exploration & Development Syndicate, Lim.*, 82 L. T. R. 5; (1900) 1 Q. B. 233. But even in those English cases they have not held that the presumption is irrebuttable, although it has been strongly intimated that such a holding will eventuate.

This view of the effect of the decision in *Schank* v. *Schuchman, supra*, and the corresponding statement of principle in *Hearn* v. *Schuchman*, 150 App. Div. 476, 478, sustains the defendant's contention that it may litigate on the trial herein the question as to whether the price paid to it was in fact loaded with the bribe money or whether, as it claims, upon the proffered testimony in its affidavits, the price was a fair price that contained no addition of the bribe money. This view makes unnecessary a consideration of whether or not there is a question of fact for a jury to pass upon with reference to whether or not the bribe money was paid to induce the purchase of the coal, or whether in fact it was a gratuity paid to induce Moses to further a purchase of explosives by his employer from another company closely allied financially to the defendant company.

Motion denied. No costs. Submit order.

Ordered accordingly.