WARREN P. EATON, Respondent, *v.* CLAUDIUS A. HAND, Appellant.

First Department, April 27, 1928.

Fraud and deceit — action for money had and received — complaint alleges usual elements of action for fraud but does not allege damages — action based on sale of interest in syndicate — plaintiff alleges that he was induced to purchase interest by fraudulent representations — alleged representations were made before defendant acquired interest — defendant held interest in syndicate nominally and temporarily — plaintiff failed to establish any damages — cause of action not shown.

The plaintiff seeks to recover for moneys had and received and founds his cause of action on alleged fraud whereby he was induced to purchase an interest in a syndicate.    The evidence fairly establishes that the defendant held the interest purchased nominally and only for a period of about two weeks and that

his holding was for the convenience of the actual owners of the syndicate. Furthermore, the alleged representations were made prior to the time the defendant became a holder of the interest and without his authority or his knowledge. The evidence further shows that the defendant received no part of the money paid for the interest purchased by the plaintiff or otherwise profited by the transaction. Furthermore, there is no evidence in the record to show that even though the representations were made they were in fact false, but, on the contrary, the evidence fairly establishes the truth of the alleged representations. Under the evidence, the defendant is not liable.

Even assuming that the representations were made and that they were false, it clearly appears that the plaintiff did not suffer any damage as a result of the transaction, but, on the contrary, profited thereby and could have sold his interest at a substantial profit during a considerable period of time after the transaction closed.

The evidence shows that the plaintiff paid only $2,390 for the interest in the syndicate and that after participating in the activities and receiving profits therefrom for five years, the jury awarded a verdict for $3,100. The verdict is not equitable and is contrary to and against the evidence.

In an action for money had and received the plaintiff must prove, in order to recover, either restoration or tender of the consideration received, or actual damage, and, in this case, the plaintiff did not sustain that burden.

It was error to exclude evidence on the part of the defendant as to the value of plaintiff's interest in the syndicate, and it was likewise error to exclude evidence to the effect that the defendant never authorized the alleged misrepresentations or ratified them.

APPEAL by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 8th day of December, 1926.

*John Kirkland Clark* of counsel [*Ganson J. Baldwin* with him on the brief], for the appellant.

*W. Randolph Montgomery* of counsel [*Francis C. Lowthorp* with him on the brief; *Gregory, Stewart & Montgomery*, attorneys], for the respondent.

MERRELL, J. The action is brought to recover for moneys had and received, plaintiff's action being based upon an alleged fraud whereby the plaintiff was induced to part with money. The complaint alleges the usual elements of an action for fraud, except that the plaintiff does not allege and gave no evidence upon the trial that he, in fact, suffered any damages as the result of the fraud which he claims was perpetrated upon him. It is plaintiff's contention that sometime in April, 1920, he was approached by two participants in a syndicate organized for the purpose of participating in certain stock of the United Arizona Copper Mining and Smelting Company by the name of Buckingham and Longcor, who asked the plaintiff to take over a one-fifth interest in said syndicate

26

owned by a man by the name of Cooper, and that said Buckingham and Longcor represented that Cooper's interest could be acquired at a sum sufficient to save him harmless for his investment in said syndicate; that subsequently Buckingham told the plaintiff that Cooper's interest was $3,600, and that that sum would be required in order to make Cooper good; that in truth and in fact Cooper had received but $500 for his interest in the syndicate. The action was brought to recover the sum of $3,600. At the opening of the trial the amount of plaintiff's claim was reduced to $3,100. At the trial no evidence was given and no claim was made that the defendant made any representation whatever to the plaintiff, and it appeared that at the time of the alleged representations made by Buckingham and Longcor defendant was in nowise interested in the matter, had not acquired the Cooper interest in the syndicate, did not know the plaintiff, and had no knowledge whatever of the making of the alleged fraudulent representations. In answer to the plaintiff's contention the defendant showed at the trial that whatever representations may have been made were made by Buckingham and Longcor without the knowledge of the defendant and without any authority on his part to make the same and were made at a time prior to that at which the defendant acquired the nominal title of the Cooper interest in the syndicate. The defendant also at the trial contended that whatever representations were made to the plaintiff were true; that the plaintiff, in fact, suffered no loss, but that as the result of his acquiring the Cooper interest he profited thereby and, after waiting five years, when the enterprise appears to have become unprofitable, first sought to hold the defendant responsible for his losses. The defendant also established at the trial that he was merely an intermediary and held the interest in question for only about two weeks prior to the transfer thereof to the plaintiff, and that the plaintiff knew at the time he acquired said interest that the defendant was a mere stakeholder or intermediary and received nothing whatever from the transaction. The plaintiff was a man fifty-five years of age, secretary and treasurer of a securities company, and had an experience of over a quarter of a century in dealing in securities and in financing corporations. The defendant, an attorney and counselor at law, had, prior to the alleged fraudulent transactions, acted as attorney for the United Arizona Copper Mining and Smelting Company syndicate. The participants in this syndicate were Buckingham, Longcor, Cooper and two others. At the trial the plaintiff introduced in evidence, as a part of his case, the testimony of the defendant taken on an examination before trial. From this testimony it appeared that in April, 1920, Buckingham procured an assignment

from Cooper to defendant of Cooper's interest in the syndicate, which Buckingham represented to him was for convenience, and that he was to hold the same pending a sale of said interest to a participant to take the place of Cooper, it being desirable to retain five participants in the syndicate and that a merger of the Cooper interest with the interests of his coadventurers be avoided through the defendant's temporarily holding said interest instead of its being taken by the other members of the syndicate. At that time the defendant had no acquaintance whatever with the plaintiff. At the time of the alleged fraudulent representations it did not appear that this temporary transfer to the defendant had taken place. Just prior to May 14, 1920, the defendant, at the request of Buckingham, prepared an assignment from himself to the plaintiff and executed the same, it being represented to defendant that the plaintiff had purchased the Cooper interest. At that time the plaintiff paid to the defendant the sum of $2,390, by his check, and also indorsed a check for $1,210, which had been drawn to plaintiff's order and which represented dividends on the Cooper interest, and which Buckingham told plaintiff belonged to Cooper. The $2,390 paid by plaintiff represented in part the amount that Buckingham had previously told him would be required of him in order to obtain the Cooper interest. Notwithstanding the fact that the plaintiff parted with only the sum of $2,390, he was awarded a verdict at the hands of the jury for $3,100, which, with added interest and costs, made up the judgment appealed from, amounting to nearly $5,000. The evidence shows that the defendant received no part of the $2,390 paid by plaintiff nor of the $1,210 represented by the check indorsed by the plaintiff at the time of the transfer. It nowhere appears that the defendant personally profited in the transaction. There is no claim that the defendant made any representations to the plaintiff, and there is no claim that he had any knowledge of any representations, nor did it appear that they were made with his authority or consent.

The very representations upon which the plaintiff relies were those which he claims were made by Buckingham and Longcor in April, 1920, at the latter's home in Chatham, N. J. Longcor and Buckingham deny the making of any representations. However, the jury, by their verdict, having found for the plaintiff, have resolved the question of fact as to their having been made in plaintiff's favor. Plaintiff testified that Longcor, one of the five syndicate managers, sought to interest him in taking the Cooper interest in the syndicate and upon plaintiff's inquiring as to what he would have to pay therefor, Longcor replied that he would be compelled to pay whatever was necessary to make Cooper whole.

Plaintiff testified that sometime thereafter and early in May, 1920, Buckingham called him on the phone and finally told him he would be required to pay $2,390 as the amount required to make Cooper good, and that the plaintiff agreed thereto. It appeared upon the trial that the actual amount which Buckingham and Longcor had paid to acquire the Cooper interest, which for convenience was transferred to the defendant, was $500, which sum was furnished by Buckingham to the defendant, who, in turn, gave his check to Cooper for that amount, and that on April twenty-eighth Cooper gave to Buckingham an assignment of his interest in the syndicate made out to the defendant. Later Buckingham told defendant that a purchaser for the Cooper interest had been obtained in the person of the plaintiff, and at his request the defendant executed to plaintiff an assignment of the interest which had been transferred to him by Cooper. Prior to that time the defendant had never heard of the plaintiff. The defendant did not participate in and had no knowledge of any negotiations between Buckingham and Longcor and Cooper for the purchase of the latter's interest in the syndicate, or of the sale thereof to plaintiff. The evidence very clearly demonstrated that the interest of the defendant was solely that of an intermediary, and that he had no actual knowledge concerning the transaction. It was not claimed that any of the alleged fraudulent representations were made to plaintiff in the presence of the defendant. In fact, the testimony of defendant was quite the contrary, and no evidence was given on the part of plaintiff to dispute the same. From April 28 until May 14, 1920, the Cooper interest stood in the name of the defendant. On the latter date the plaintiff took over the Cooper interest from the defendant who " merely acted as an intermediary," as the plaintiff himself described it. While it is undisputed that Cooper at the time of the execution of his assignment to the defendant received but $500, it is also equally clear that between April 28, 1920, when the transfer was made to the defendant, and May 14, 1920, when the latter transferred said interest to the plaintiff, additional calls were made against the Cooper interest for payments into the enterprise, amounting to $3,160.50, which, with the $500 paid to Cooper, made up the $3,600 which Buckingham originally told the plaintiff would be required of him. It appears with reasonable certainty from the record that when plaintiff paid to defendant the $2,390 and redelivered the check for $1,210 to make up the $3,600 necessary to acquire Cooper's interest, he paid what was required for that purpose. It would, therefore, seem, in view of the testimony, that the Cooper interest had actually cost more than $3,600. In the absence of any evidence to the contrary, the plaintiff failed to

sustain the burden of establishing any fraudulent representation. The record is barren of any evidence sufficient to show that even though the representations were made, they were, in fact, false. The testimony clearly shows that the alleged misrepresentations were, in fact, true.

Even assuming that the representations made were false, the case is barren of any evidence showing the defendant's responsibility therefor. The alleged representations were made prior to Cooper's parting with his interest in the enterprise and before the defendant was shown to be a participant in any way therein. Defendant's participation, nominal as it was, was only for a period of about two weeks, and was solely for the purpose of avoiding a merger of the Cooper interest in those of his coadventurers. There is no evidence whatever that the defendant had any knowledge that any representations had been made or that he in any manner ratified or adopted the same. Plaintiff himself, according to his own testimony, knew when he first met defendant, at the time of taking over the Cooper interest, and when he inquired and was informed that defendant was merely a conduit, that the latter had no actual interest in the transaction. The defendant never received a dollar from the transaction, and according to his testimony on his examination before trial, which was introduced in evidence by plaintiff at the trial, the payments which the defendant made in closing the transaction equaled the deposits which he had received. He received no profit whatever from the transaction, and acted merely as an agent for Longcor and Buckingham. There is no evidence in the record to support the plaintiff's claim that at the time Buckingham and Longcor made the alleged representations to the plaintiff in New Jersey they were acting as agents for defendant. At that time defendant was unknown to the transaction and the interest was still in the name of Cooper.

It further appears that the plaintiff suffered no damage as the result of the transaction. The court erred in erroneously excluding testimony offered on the part of defendant showing that during the time when plaintiff held the interest in question he received substantial dividends therefrom and could have disposed of his interest at far more than he paid therefor. The court erroneously excluded this testimony offered by the defense, holding that the question was merely as to whether or not the agreement as alleged by plaintiff in his complaint was the agreement of the defendant. We think there was an entire failure of proof on plaintiff's part of any damage suffered by him. To recapitulate: We think the alleged representations upon which the plaintiff relies were not shown to have been false; that no representations were shown to have

been made by defendant or with his knowledge or authority; and that plaintiff failed to offer proof of any damage which he suffered. Manifestly, the plaintiff was not entitled to recover unless he suffered damages. Plaintiff never returned or offered to return the consideration which he received. No evidence was given by plaintiff to show that the value of that which he received was less than what he paid for it. The only money which he paid for the interest was $2,390. He held the interest for five years, participating in the activities of the syndicate and undoubtedly reaping additional profits from his participation, and yet the jury awarded a verdict in his favor for $3,100. We think such verdict was clearly contrary to and against the weight of the evidence, and was quite unsupported by the evidence. In an action for money had and received plaintiff must prove, in order to recover, either restoration or tender of the consideration received or actual damage. The plaintiff showed neither. (*Schank* v. *Schuchman,* 212 N. Y. 352.) Admittedly the plaintiff gave to defendant only $2,390 of his own money. He received what he bargained for, and it did not appear that the interest which he purchased was worth less than what he paid for it. For five years the plaintiff held this interest and participated in the activities of the syndicate. After such participation we do not think it is equitable that he should now be permitted to recover from the defendant the damages which he has been awarded. Plaintiff knew that the defendant was not profiting by the transaction and received no part of the moneys which he paid. Nevertheless, in this equitable action, plaintiff has been awarded judgment against the defendant for $710 more than he actually paid and interest thereon since 1920. We regard such a result as inequitable.

We furthermore think the court clearly erred in excluding evidence offered on the part of the defense as to the value of the plaintiff's interest in the syndicate, and that the defendant, appellant, was entitled to present such proof. We also think the court erred in refusing to receive evidence to the effect that the defendant never authorized the alleged misrepresentations or ratified the same.

We are of the opinion that the judgment appealed from was wrong, and that the same should be reversed, with costs, and the complaint dismissed, with costs.

DOWLING, P. J., MARTIN, O'MALLEY and PROSKAUER, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.