JOSEPH NUCCIO, Plaintiff, *v.* 103 EAST ONE HUNDRED AND FOURTEENTH STREET REALTY CORPORATION, Defendant.

Supreme Court, Bronx County, April 4, 1930.

*Salvatore Viscardi*, for the plaintiff.

*Samuel Saltzman*, for the defendant.

CALLAHAN, J. The plaintiff who owned an apartment house on Decatur avenue, Bronx, entered into an exchange of said property for certain premises in East One Hundred and Twelfth street, Manhattan, owned by defendant.

I am satisfied that plaintiff was grossly deceived concerning the number of vacancies, the rentals received and the status of the mortgages in the One Hundred and Twelfth street houses. The broker Leonard was acting for both parties and in fact was the chief instrumentality in the fraud although plaintiff up to the time of the sale believed he was acting solely as his broker. The defendant supplied Leonard with false information and in addition took advantage of his misrepresentations. While its officers did not directly make all of the false representations to plaintiff, defendant cannot evade responsibility for Leonard's fraudulent conduct while retaining the benefits therefrom. (*Bennett* v. *Judson*, 21 N. Y. 238; *Green* v. *des Garets*, 210 id. 79.) Several months elapsed after title closed before plaintiff made any formal offer to restore the property he received. Assuming his attorney's oral communication to defendant's attorney in the foreclosure proceeding was insufficient to constitute a legal offer to restore, plaintiff might nevertheless recover judgment in rescission if a timely offer to restore was made in the complaint. The original complaint pleaded such offer but prior to the service of the amended complaint one house was lost in foreclosure and plaintiff omitted such plea in his amended complaint. He stated that the return of the property was waived. There was testimony by plaintiff that defendant refused to reconvey unless $5,000 was paid it. I think that it is unnecessary to determine whether this was a waiver as it appeared on the trial without objection that restoration had been offered and refused and it had become impossible of fulfillment at the time

of trial due to foreclosure proceedings affecting both houses. That it was impossible for plaintiff to restore the *status quo ante* under such circumstances would not prevent the granting of judgment in rescission. (*Schank* v. *Schuchman*, 212 N. Y. 352, 359.)

The statement by plaintiff in defendant's exhibit "I" concerning vacancies, did not contradict his present testimony when considered in connection with the proof contained in defendant's own books establishing at least fourteen vacancies in May, 1928. The affidavit referred to indicates rather that plaintiff did not know the facts concerning defendant's deceit at the time the affidavit was made. The testimony by plaintiff on the trial of the action by the broker for commissions coincided with his present contentions. While the success of the fraud perpetrated herein was undoubtedly due in part to the credulity of plaintiff, defendant cannot complain that it succeeded.

Judgment is directed for plaintiff. A referee will be appointed to ascertain and state the amount plaintiff may have received in excess of expenditures from the One Hundred and Twelfth street properties and the amount defendant may have increased the equity in the Bronx property. Adequate provision allowing defendant credit for any such sums may be inserted in the judgment.

Settle orders, findings and judgment accordingly on notice.