■ ROTHROCK SYOSSET, INC., Appellant-Respondent, v. HOWARD P. KREUTZER et al., Constituting the Board of Commissioners of the Jericho Water District, in the Town of Oyster Bay, Nassau County, Respondents-Appellants.— In an action for money had and received, plaintiff appeals from so much of an order and judgment (one paper) as dismisses a portion of the first cause of action contained in its complaint, on a motion by plaintiff for judgment on the pleadings, and defendants appeal from so much of said order and judgment as grants judgment to plaintiff and against defendants for a portion of the amount claimed by plaintiff in said first cause of action. Order and judgment reversed, with $10 costs and disbursements to respondents-appellants and motion denied, with $10 costs. Plaintiff, a developer, owned a parcel of land within the boundaries of the water district of which defendants are commissioners. In its complaint, plaintiff alleges that subsequent to the adoption of a resolution by defendants, authorizing such procedure, it entered into an agreement with defendants by which plaintiff agreed to pay to defendants $8,921. Of that amount, $6,921 was to defray the cost of the installation of water mains in plaintiff's property, and $2,000 was to be applied by defendants to a fund to be used for the implementing of their well supply and storage facilities, and to be repaid by defendants in annual installments. Defendants were to refund to plaintiff any balance of the $6,921 remaining after the payment of the cost of installation. It is further alleged that plaintiff paid $8,921 to defendants, and has received a refund of $279.22. Recovery of

the balance of the payment is sought on the ground that defendants had no power to enter into the agreement or to receive the money paid by plaintiff, and that plaintiff's sole legal liability was to pay for what it had received by way of taxes assessed and levied in the same manner and at the same time as taxes for other town charges. Defendants, in their answer, pleaded that the mains and other facilities furnished were installed pursuant to plaintiff's request at a time when defendants were without lawful authority to incur indebtedness or contract any obligation for their installation, because of lack of funds provided by the town, and for other stated reasons, that the agreement was entered into so that the facilities might be furnished by defendants without contracting any obligation in violation of law, and that defendants have installed the water pipes, mains and appurtenances provided to be installed by the agreement, and that the cost thereof amounted to $6,641.78. It is further pleaded that at all times thereafter defendants have maintained and operated said pipes, mains and appurtenances as part of the water distribution system of the water district. On this state of the pleadings, and on plaintiff's motion for judgment thereon, the Special Term granted judgment to defendants, dismissing that portion of the first cause of action which sought recovery of the balance of the money paid for the cost of the installation of the mains and other facilities, holding that the contract to pay for such cost was legally made pursuant to section 255.4 of the Nassau County Civil Divisions Act (L. 1939, ch. 273, as amd.), and granted judgment to plaintiff for the recovery of the $2,000 paid for the purpose of implementing the district well supply and storage facilities, on the ground that the defendants had no legal power to contract for or receive payment of plaintiff's money for such purpose. In our opinion, judgment on the pleadings should not have been granted to either party. The allegations of new matter in defendants' answer could not sustain such a judgment, since they are deemed controverted. (Civ. Prac. Act, § 243.) Neither were defendants entitled to a partial judgment if it be assumed that their contract with plaintiff was legally entered into, insofar as it provided for payment of installation costs. Plaintiff had pleaded, in a single cause of action, a complaint for redress of a single wrong. No separate judgment should be entered, under such circumstances, with respect to a separate item of damages only. (*Luotto* v. *Field*, 294 N. Y. 460; *Cooperstown Cattle Co.* v. *Smith*, 275 App. Div. 240.) Insofar as plaintiff is concerned, the allegations of defendants' answer are, in our opinion, sufficient to withstand a motion for judgment on the pleadings, whether or not defendants had legal authority to make the contract of which plaintiff complains. All that is alleged by plaintiff is that it has made a payment pursuant to that contract, apparently voluntarily, and there is no claim that the payment was induced by fraud, coercion, or mistake either of law or of fact. It is alleged in defendants' answer that plaintiff has received exactly what it contracted for. The action, while one at law, is governed by equitable principles, and in order to recover plaintiff must show that it is against good conscience for defendants to keep the money received. (*Schank* v. *Schuchman*, 212 N. Y. 352; *MacMurray* v. *City of Long Beach*, 292 N. Y. 286, 291.) In such an action a defendant may defend himself by pleading everything which may show that the plaintiff, in justice and fairness, is not entitled to the whole of his demand, or any part of it. (*County of Oneida* v. *First Citizens Bank & Trust Co.*, 264 App. Div. 212.) Moreover, to recover, plaintiff, having concededly received from defendants the benefits of the contract now claimed to be illegal, must show some disparity between the value of what has been received, and the price paid. (*Eaton* v. *Hand*, 223 App. Div. 400, 406.) (See, also, with respect to estoppel, *Mayor, Aldermen & Commonalty of City of N. Y.* v. *Sonneborn*, 113 N. Y. 423.

426; *City of Buffalo* v. *Balcom,* 134 N. Y. 532; *City of New York* v. *Delli Paoli,* 202 N. Y. 18, 23–24.) Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur.