## (March 19, 1957)

LARRY SILBERBERG, as Trustee under Agreement between FLO LUXEN-BERG and Others, Appellant, v. RUTH LIPTON, as Executrix of CONRAD LIPTON, Deceased, et al., Respondents.

*Per Curiam.* An interlocutory judgment has been entered requiring the defendant executrix to account for moneys which are the subject of the first to fourth causes of action, inclusive, and dismissing the fifth to eighth causes of action, inclusive on the merits. This appeal is from the dismissal. The fifth cause of action is for the recovery of legal fees paid in reliance upon the decedent's false representations as to his honesty and his adherence to ethical professional standards. The sixth cause of action is against the decedent's wife and is grounded, alternatively, on a conspiracy with the decedent to defraud and misappropriate in respect of the funds involved in the first four causes of action, knowing receipt and retention thereof, and knowing retention thereof. The succeeding causes of action seek to follow the funds as to which the accounting has been decreed.

The plaintiff has conceded that the legal fees with which the fifth cause of action is concerned were not paid for services rendered in connection with the transactions involved in the causes of action as to which the accounting has been decreed. The fifth cause of action, therefore, properly was dismissed. (*Schank* v. *Schuchman,* 212 N. Y. 352.) In respect of the sixth cause of action, it does not appear that the defendant received funds of the plaintiff or his assignors with notice of the source thereof. The sixth cause of action also, therefore, properly was dismissed. We hold, however, as to the seventh and eighth causes of action, on the authority of *Coffin* v. *Shour* (246 App. Div. 263), that the plaintiff adduced sufficient evidence to withstand defendant's motion to dismiss at the stage of the proceeding then reached and that under the circumstances present the court should have exercised its discretion in favor of postponing the determination of said causes of action until the defendant executrix had accounted as in the interlocutory decree provided.

The interlocutory judgment should be modified by striking from the first decretal provision thereof reference to the seventh and eighth causes of action, and by providing that the trial of said causes of action await the accounting decree, and as so modified the interlocutory judgment should be affirmed, with costs to the appellant to abide the event.

Peck, P. J., Rabin, Frank, McNally and Bergan, JJ., concur.

Judgment unanimously modified by striking from the first decretal provision thereof reference to the seventh and eighth causes of action, and by providing that the trial of said causes of action await the accounting decreed and, as so modified, affirmed, with costs to the appellant to abide the event. Settle order on notice.