■ GABRIEL INDUSTRIES, INC., Respondent, v. DEFIANCE INDUSTRIES, INC., Appellant, and LIONEL CORPORATION, Respondent.— Order and judgment affirmed, with $50 costs and disbursements to the plaintiff-respondent. Concur — Steuer, J. P., Tilzer and McNally, JJ.; Capozzoli and McGivern, JJ. dissent in the following memorandum by McGivern, J.: I would reverse and direct a new assessment of damages. By an affirmed order (23 A D 2d 630) this matter was set down "for an *assessment of damages* as to the amount of the illegal *profit* obtained by Defiance Industries, Inc.". (Italics supplied.) This has not been done. If the ultimate sales price reflected in the sale by Defiance to Sonnabend is to be fully equated with "illegal profit," then there never was any need of a reference in the first place and the hearing was but an idle ceremony. The sales price was patent from the very terms of this Machia-

vellian transaction, known to Special Term and to this court. The liability here imposed contravenes the restrictive measure of damages delineated in the order of reference, approved by this court, by which the Referee was bound, but which this court now enlarges. In any event, it is my view the court below erred in treating the Sonnabend note for $135,000 as money received, and in failing properly to evaluate the Cohn notes on the basis of evidence having probative value. In the absence of evidence which would permit the conclusion that Cohn was unable to meet any obligations that came due, the Referee erred in finding " nothing is allocable to the Cohn notes." Further, a new assessment should give recognition to the fact that although Defiance has been adjudicated a wrongdoer, to compel Defiance to pay over to Lionel a profit which it never realized would be harsh and unjust. To compel the payment of an anticipated but never realized profit would constitute the imposition of an unwarranted penalty on Defiance and convey an unwarranted bonanza to Lionel. (See: *Jackson* v. *Smith*, 254 U. S. 586; *Commonwealth Tit. Ins. & Trust Co.* v. *Seltzer*, 227 Pa. 410, 419; Leech, Transactions in Corporate Control, 104 U. Pa. L. Rev. 725, 777, n. 145 [1956].) The words of Judge Cardozo in *Schank* v. *Schuchman* (212 N. Y. 352, 359) are particularly apposite: " The law may at times refuse to aid a wrongdoer in getting that which good conscience permits him to receive; it will not for that reason aid another in taking away from him that which good conscience entitles him to retain."