LUCIA R. BOSLEY, Respondent, *v.* THE NATIONAL MACHINE COMPANY et al., Appellants.

The provision of the six year Statute of Limitation as incorporated in the Code of Civil Procedure (§ 382) declaring that "an action to procure a judgment, other than for a sum of money, on the ground of fraud in a case which was cognizable by the Court of Chancery, is not deemed to have accrued until the discovery by the plaintiff, or the person under whom he claims, of the facts constituting the fraud," applies to all cases formerly cognizable by the Court of Chancery, whether the jurisdiction therein was exclusive or concurrent with that of courts of law; and so, it applies when any remedy or relief is sought for, aside from or in addi-

tion to a mere money judgment, and which a court of law could not give, although as a part of the relief sought a money judgment is demanded.

Where a person has by fraud been induced to subscribe for the stock of a company, he may bring an equitable action to procure a rescission of the contract, a cancellation of his subscription and the removal of his name from the books of the company.

The fact that in such an action plaintiff asks for a money judgment for the amount paid by him on subscribing does not take it out of the operation of said provision, and the statute does not commence to run against the cause of action until after the discovery of the fraud.

In such an action the court must take notice of the general laws under which the company is organized, and the liabilities and responsibilities to which a stockholder is thereby subjected.

A joint exception by two defendants to a conclusion of law, which was not erroneous as to one of them is not available in behalf of the other.

An exception must point out the particular error to which the attention of the court is sought to be called, and if it is made to an entire proposition some portion of which is correct, it is unavailable.

(Argued October 21, 1890; decided December 2, 1890.)

APPEAL from judgment of the General Term of the Court of Common Pleas of the city of New York, entered upon an order made June 3, 1889, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Esek Cowen* for appellants. The Statute of Limitations is a complete defense to this action as against the National Machine Company. (*Newham* v. *May*, 13 Price, 749; *Russell* v. *Clark*, 7 Cranch. 69; *Hardwick* v. *Forbes*, 1 Bibb. 212; *Askew's Case*, L. R. [9 Ch. Div.] 664; *Bradley* v. *Bosley*, 1 Barb. Ch. 125; *Hull* v. *Ely*, 2 Abb. [N. C.] 440; *Hatch* v. *T. Co.*, 9 id. 228; *Hammond* v. *Morgan*, 101 N. Y. 187; Story's Eq. Juris. § 458.)

*R. B. Gwillim* for respondent. A party who has been defrauded need not rescind and sue in an action at law for the consideration parted with upon the fraudulent contract. He

may bring an action in equity to rescind the contract, and in that action may have full relief. Such an action does not proceed as upon a rescission, but proceeds for a rescission. (*Gould* v. *C. C. N. Bank*, 86 N. Y. 75, 83, 84; 99 id. 333–337; *Vail* v. *Reynolds*, 118 id. 297; Cook on Stock. § 159; *Vreeland* v. *N. J. S. Co.*, 29 N. J. Eq. 188; *R. R. S. M. Co.* v. *Smith*, L. R. [4 H. L.] 64; *Ashmead* v. *Colby*, 26 Conn. 287.) The Statute of Limitations is no defense. (Code Civ. Pro. §§ 382, 2343; *Miller* v. *Wood*, 41 Hun, 600; *Carr* v. *Thompson*, 87 N. Y. 160; *Ericksen* v. *Quinn*, 47 id. 410; *Decker* v. *Decker*, 108 id. 128, 136; *Baldwin* v. *Martin*, 11 Abb. Pr. [N. S.] 9; *King* v. *Fitch*, 2 Abb. Ct. App. Dec. 508; *Gould* v. *C. C. N. Bank*, 86 N. Y, 75, 83; 99 id. 333; Pollock on Cont. 519; *In re S. P. Co.*, L. R. [23 Ch. Div.] 437, 439.) As to the suggestion that the plaintiff should have discovered the fraud sooner, we answer that she owed the defendants no duty of active vigilance. (*Mead* v. *Bunn*, 32 N. Y. 274; *Baker* v. *Lever*, 67 id. 304, 309; *Platt* v. *Platt*, 58 id. 646; *Myers* v. *King*, 48 Hun, 110; *McMurray* v. *McMurray*, 66 N. Y. 176, 181.) The company is liable for the acts of House. (Cook on Stock. §§ 140, 156; *Kelsey* v. *N. L. O. Co.*, 45 N. Y. 505; *Schwenk* v. *Naylor*, 102 id. 683.)

Earl, J. The plaintiff alleged in her complaint that in November, 1880, the defendant, the National Machine Company, was a manufacturing company organized under the laws of this state; that the defendant House was the authorized agent of the company to procure subscriptions to its stock, and that by certain false representations made by him to her, which are set forth in the complaint, she was induced to take thirteen shares of the capital stock of the company, and to pay therefor the sum of $1,300, and that thus she became a stockholder in the corporation; that she did not discover the fraud practiced upon her by House, as the agent of the company, until December, 1887; that prior to the commencement of the action she sought to obtain the consent of the defendants for a mutual, voluntary rescission of the contract, and duly

tendered a surrender of her stock and the dividends received with the interest thereon; that the defendants refused to comply with the demand, or to receive the stock or dividends so tendered, or to return the money paid by the plaintiff for her stock; that she desires an equitable rescission of the contract because of the fraud and deceit, and an accounting, and the payment to her of any balance found due her upon such accounting; and she prayed judgment for an equitable rescission of the contract of subscription for the stock on the ground of the fraud and deceit practiced upon her, and for an accounting of the sum paid by her to the company, and the ascertainment of the balance equitably due her upon such rescission; and, also, for judgment for such balance and for such other relief as to the court should seem proper. The defendants answered separately, and each admitted that the National Machine Company was a corporation duly organized under the laws of the state, and denied that House was the authorized agent of the company to procure subscriptions for its stock, and alleged that the only power or authority he had was such as was incident to his office as president of the company. Each denied that there was any fraud or fraudulent representations, and each alleged that the cause of action stated in the complaint was barred by the Statute of Limitations. The action was brought to trial at a Special Term of the court, and all the material allegations of the complaint were found to be true, and the trial judge found, as conclusions of law, as follows:

"*First.* That the plaintiff is entitled to judgment rescinding her contract of subscription for thirteen shares of the capital stock of the defendant, the National Machine Company, and said thirteen shares of stock should be assigned, retransferred and surrendered by the plaintiff to the defendant, the National Machine Company, on the payment of the amount of the judgment in plaintiff's favor.

"*Second.* That plaintiff is entitled to judgment against both of the defendants for the sum of fifteen hundred and thirty $\frac{79}{100}$ dollars, being the amount of principal and interest

to date, found to be due her on the account above stated, and on which sum she is entitled to interest from date hereof, with costs and disbursements and an extra allowance of five per cent. and judgment is ordered accordingly in favor of the plaintiff and against the defendants as aforesaid."

The defendants did not submit any requests to find, and they jointly " excepted to the second, third, fourth, fifth and eighth findings of facts," and to the "first and second conclusions of law," and the case contains no other exceptions. They jointly appealed from the judgment entered to the General Term and then to this court.

The record does not contain the evidence or proceedings upon the trial, and the appeal is based solely upon the findings of the trial judge.

The action was commenced within a few months after the discovery by the plaintiff of the fraud, but more than seven years after the fraud was practiced upon her, and she was induced to subscribe and pay for the stock. It is claimed, on the part of the defendants, that this action comes under subdivision 3 of section 382 of the Code, and that the cause of action was, therefore, barred after six years. But the plaintiff claims that it comes under subdivision 5 of that section, which is as follows : " An action to procure a judgment, other than for a sum of money, on the ground of fraud, in a case which, on the 31st day of December, 1846, was cognizable by the Court of Chancery ; the cause of action in such a case is not deemed to have accrued until the discovery by the plaintiff, or the person under whom he claims, of the facts constituting the fraud."

In order to subject an action to the operation of subdivision 5, it is not needful that its purpose is solely to procure a judgment other than for a sum of money. It covers all cases formerly cognizable by the Court of Chancery, whether its jurisdiction therein was exclusive or concurrent with that of courts of law, in which any remedy or relief is sought for, aside from, or in addition to a mere money judgment, and which a court of law could not give, although as part of the

relief sought, a money judgment is also demanded. (*Carr* v. *Thompson,* 87 N. Y. 160.)

It is claimed, on the part of the defendants, that the sole remedy of the plaintiff is a common-law action to recover the money paid for the stock or damages for the fraud, and that an equitable action for the rescission of the contract is not needful and cannot be maintained. It is quite true that the plaintiff could have sued both the defendants for the fraud and recovered her damages caused thereby. But if she had pursued that remedy, she would have remained a stockholder, notwithstanding her recovery for the fraud, and such an action would have been barred in six years. She could also, after having offered to return the stock and the dividends which she had received thereon, have recovered against the company, and probably against House, for money had and received; and that action would have been barred in six years. She could not in such an action, however, have procured a cancellation of her stock or the removal of her name as a stockholder from the books of the company. But she was not obliged to resort to either of the remedies just named. She could bring an equitable action to procure a rescission of the contract, a cancellation of her subscription and the removal of her name from the stock-books — just the action she commenced. (*Gould* v. *C. C. N. Bank,* 86 N. Y. 75; *Vail* v. *Reynolds,* 118 id. 297.) It is not in every case of fraud that relief is to be administered in a court of equity, and it is a well-settled rule that wherever a matter respects only a sale of personal chattels, and lies merely in damages, the remedy is at law only. If this had been a sale of a horse to the plaintiff procured by fraud, it would not have been proper for her to resort to an equitable action for relief, because an action at law would furnish her an ample remedy, and give her all the relief to which she could, under any circumstances, be entitled. But this is not such a case. Here, by fraud, she has been made a stockholder in a company, and is thus brought into relations, not only with the company, but with the other stockholders and with the creditors of the company. Certain liabilities and

responsibilities attach to these relations. The corporate book, in which the stock is registered, is, by statute, made presumptive evidence that she is a stockholder. She, therefore, seeks to have that evidence blotted out and her relations with the company severed. It is provided in section 10 of the General Manufacturing Act of 1848, that all the stockholders of every company incorporated under the act shall be severally and individually liable to the creditors of the company in which they are stockholders, to an amount equal to the amount of stock held by them respectively, for all debts and contracts made by such company, until the whole amount of capital stock fixed and limited by such company shall have been paid in, and a certificate thereof recorded as prescribed. It is also provided in section 18 that the stockholders of any company organized under the provisions of the act shall be jointly and severally individually liable for all debts that may be due and owing to the laborers, servants and apprentices for services performed for such corporation. It is thus seen that, so long as the plaintiff remains a stockholder in the corporation, she is exposed to certain liabilities. She may be subjected to suits under the sections named, and to annoyances and risks, and she has the right to come into equity and ask, as a part of her relief against the fraud perpetrated upon her, that her relations to the company as a stockholder shall be utterly severed and she placed where she was before the fraud.

It may be true that the plaintiff remains under responsibility to the creditors of the company existing while she was actually a stockholder, notwithstanding the fraud practiced upon her, and that any judgment she could obtain in this action would not shield her against liability to past creditors. (*Briggs* v. *Cornwell*, 9 Daly, 436.) But she had the right to come into a court of equity for protection against liability to new complications with future creditors of the company, and that furnishes a basis for the maintenance of this action, if there were no other.

But it is said that the complaint and the findings do not show that the plaintiff was or would be exposed to any danger or risk if her stock were not canceled and her name removed

from the books of the company as a stockholder.   We, how-
ever, think this does sufficiently appear.   We must take notice
of the general laws under which this company was organized,
and the liabilities and responsibilities to which a stockholder is
thereby subjected.   Furthermore, as the proceedings upon the
trial do not appear in the record, we do not know what took
place there.   We may infer that no objection was made to
the form or substance of the complaint; that there was no
motion to nonsuit, and that no defect in the proof was pointed
out; and that the plaintiff would, as a stockholder, be exposed
to all the risks and hazards growing out of that relation,
imposed by the statute, must have been assumed upon the
trial and by the trial judge in his decision.

It is now, apparently for the first time, insisted that there
was no equitable cause of action upon the facts alleged and
found against the defendant House, and that the only relief
to which the plaintiff was entitled against him was a money
judgment.   We are inclined to believe that this claim is well
founded; but the defendant House cannot avail himself of it
here, as there is no exception in the record upon which he can
base such a claim.   We may assume that upon the trial no
objection was made that a recovery could not be had against
House in this action if fraud was established and the action
for rescission maintained.   The only exception is the joint
exception of the two defendants above stated.   We have no
reason to suppose that the attention of the trial court was
called to any distinction as to the maintenance of this action
between the two defendants, and such a distinction is certainly
not suggested by the exception.   The conclusions of law
excepted to were not erroneous as to one of the defendants,
and hence the joint exception to those conclusions by both
defendants is unavailable.   (*Murray* v. *Usher*, 117 N. Y. 542.)
If evidence upon a trial be offered which is competent against
one defendant, and not against others, and all the defendants
join in an objection, the objection is unavailable.   So, if a
judge in his charge to a jury should lay down a rule of law
proper as to one of several defendants, but not as to others,

yet, if they all joined in a single exception, it is well settled that such an exception is not available to any of the defendants. An exception must point out the particular error to which the attention of the court is called, and if the exception is to an entire proposition, some portion of which is correct, it is the uniform practice to hold that it is unavailable.

We have, therefore, reached the conclusion that the judgment below should be affirmed, with costs.

All concur, except GRAY, J., not voting.

Judgment affirmed.