(45 Misc. 338)

### METZ v. METZ.

(Supreme Court, Appellate Term. November 10, 1904.)

1. LIMITATIONS—ACTIONS—WHEN COMMENCED.
Under the express provisions of Code Civ. Proc. § 398, an action is commenced, for the purposes of the statute of limitations, when the summons is served.

2. SAME—NATURE OF DEFENSE—EXCEPTIONS—PLEADING.
Where the complaint does not necessarily disclose a case within the statute of limitations, the statute is an affirmative defense, and plaintiff need not plead and prove in the first instance an exception taking the case out of the statute; but, under Code Civ. Proc. § 522, providing that an allegation of new matter in the answer to which a reply is not required is to be deemed controverted, he may prove such exception in avoidance of the defense of the statute, without further pleading on his part.

Appeal from City Court of New York.

Action by John Metz against John Metz, Jr. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZ-GERALD, JJ.

Anson M. Beard, for appellant.
August P. Wagener, for respondent.

BISCHOFF, J. This action is brought upon two promissory notes, maturing, respectively, 15 and 17 months from September 28, 1889; the complaint giving credit for a payment on account of each note in the year 1903. The answer set up the statute of limitations, and alleged that any payment on account was made under a special agreement whereby the running of the statute was to be left unaffected. Upon the question as to the nature of the payments on account, and the circumstances under which they were made, the plaintiff's evidence amply supports the finding of the jury that these payments were made upon both notes in recognition of the existence of the debt, unqualified by any condition that the running of the statute should be undisturbed. The issues of fact depended upon the jury's estimate of the relative credibility of the parties, each called in his own behalf, and we have no ground for disturbing the verdict.

Objection was taken to the plaintiff's introduction of any proof as to the circumstances surrounding the payments, upon the ground

¶ 1. See Limitation of Actions, vol. 33, Cent. Dig. §§ 529–531.

that the complaint disclosed a case within the statute of limitations, but did not contain any allegations of fact showing that the operation of the statute had been suspended or avoided; but clearly there is no force in this contention. An action is commenced, for the purposes of the statute of limitations, when the summons is served (Code Civ. Proc. § 398), and, from all that appears from this complaint, the action may well have been commenced within the period of limitation. Tested by the averments of the complaint, therefore, this case was not necessarily within the statute, and the cause of action did not depend upon the plaintiff's establishing ground for an exception from the statute by pleading and proof in the first instance. The statute of limitations is an affirmative defense, and the proof offered by the plaintiff was relative in avoidance, without further pleading upon his part. Code Civ. Proc. § 522. The reception of this evidence at the time when it was offered was within the court's discretion, in its control over the order of proof, and the exceptions taken to its admission therefore present no error.

Judgment affirmed, with costs. All concur.