(164 App. Div. 183)

## WALTER v. GARLAND AUTOMOBILE CO.   (No. 6232.)

(Supreme Court, Appellate Division, First Department.   November 6, 1914.)

1. SALES (§ 130\*)—SUITS FOR RESCISSION—JURISDICTION.
    Where plaintiffs purchased a motor car from defendant, and the sale was fully executed, plaintiffs cannot sue in equity to set aside the sale, having an adequate remedy at law, if entitled to rescission for defendant's fraud and misrepresentations.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 322–324; Dec. Dig. § 130.\*]

2. PLEADING (§ 345\*)—JUDGMENT ON PLEADINGS—RIGHT TO.
    Though the pleader intended to state a cause of action in equity, defendant is not entitled to judgment on the pleadings, where the complaint states a good cause of action at law.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1055–1059; Dec. Dig. § 345.\*]

Appeal from Special Term, New York County.

Action by Carroll G. Walter against the Garland Automobile Company. From an order denying defendant's motion for judgment on the pleadings, defendant appeals. Order affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

William R. Adams, of New York City, for appellant.
Russell H. Robbins, of New York City, for respondent.

SCOTT, J. [1] This is an action in equity to rescind a contract of purchase of an automobile from defendant to plaintiff, and to recover back the purchase price. The ground upon which rescission is sought is fraud and misrepresentation by defendant as to the quality and value of the subject of the purchase. As incidental relief (and this is probably the real reason for the action) plaintiff seeks to enjoin the prosecution of an action commenced in the Municipal Court by the defendant to recover the cost of repairs made upon said automobile after the purchase. Some of the representations claimed to be false are designated in the complaint as warranties, and doubtless may be so considered.

We are of opinion that the complaint fails to state a cause of action in equity. The agreement sought to be rescinded was fully executed when the sale of the automobile was completed. As was said very recently by the Court of Appeals:

"Equity will not entertain an action to declare the rescission of an executed transaction unless a decree announcing the rescission is essential to the suitor's protection. \* \* \* It [the necessity for a decree announcing rescission] may arise, under a great variety of other conditions, where the transaction in one or more of its elements is still executory. If, however, nothing executory remains, an action to declare a rescission, even though fraud is proved, does not lie as of course. 'It is not in every case of fraud that relief is to be administered in a court of equity, and it is a well-settled rule that wherever a matter respects only a sale of personal chattels, and lies merely in damages, the remedy is at law only. If this had been a sale of a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

horse to the plaintiff procured by fraud, it would not have been proper for her to resort to an equitable action for relief, because an action at law would furnish her an ample remedy, and give her all the relief to which she could, under any circumstances, be entitled.' Bosley v. Nat. Machine Co., 123 N. Y. 550–555 [25 N. E. 990]; Buzard v. Houston, 119 U. S. 347–352 [7 Sup. Ct. 249, 30 L. Ed. 451]. In the case at hand, the transactions have been fully executed. The plaintiffs are *. * * seeking to get back a sum of money paid under a contract, not affecting real estate, which they have elected to declare a nullity. To render that relief effective, it is not required that a court of equity should anathematize the closed transactions. The cause of action is at law, and the legal remedy is adequate." Schank v. Schuchman, 212 N. Y. 352, 106 N. E. 127.

The rule above quoted is precisely applicable to the case at bar. The transaction is completed; the plaintiff has elected to declare it a nullity because of false warranties and representations on the part of defendant, and he seeks to recover the purchase price. His remedy at law is complete and adequate, and there is nothing for equity to seize hold upon. As an action to restrain the prosecution of the action in the Municipal Court, the complaint is clearly inadequate. Whatever defense plaintiff may have to that action can be presented in that court.

[2] But while the complaint does not state a cause of action in equity, which is evidently what the pleader intended, we cannot see that it does not contain all the necessary allegations for an action at law to recover the price paid. It may be that difficulties will be found in maintaining such an action; but these are matters of defense not apparent on the face of the complaint, and are not available upon a motion like the present.

It follows that the order appealed from must be affirmed, with $10 costs and disbursements. All concur.