WILLIAM W. DICKSON, Plaintiff, *v.* RAYMOND NILES and THOMAS DAVIES, Defendants.

Supreme Court, Montgomery County, April, 1924.

Sales — conditional sale — parties may elect to have controversy determined under Uniform Conditional Sales Law (Laws of 1922, chap. 642), passed after date of contract — retaking and sale of goods by buyer after commencement of action for balance of purchase price does not effect abandonment of action — motion to vacate default judgment and for dismissal of complaint denied.

The parties to a conditional sale contract may elect to have a controversy arising under said contract determined under the Uniform Conditional Sales Law (Laws of 1922, chap. 642), although said statute did not become effective until after the execution of the contract.

The retaking and sale of goods by the buyer pursuant to the Uniform Conditional Sales Law after the commencement of an action for the balance of the purchase price does not effect an abandonment of said action and, therefore, a motion by the defendant to vacate a default judgment in favor of the plaintiff and for a dismissal of the complaint will be denied.

MOTION by defendants to vacate a judgment entered by default and to dismiss the complaint.

*Charles E. Hardies,* for plaintiff.

*Burnham & Frank,* for defendants.

ANGELL, J. The complaint seeks recovery of a balance due upon a conditional sale by plaintiff to defendants of two automobile trucks. Both parties to this controversy seem to desire that this motion to vacate the judgment which plaintiff has obtained by default and to dismiss the complaint should be determined under

article 4 of the Personal Property Law entitled " Uniform Conditional Sales Law." That article was added to the Personal Property Law (repealing former article 4) by Laws of 1922, chapter 642, in effect September 1, 1922. The contract of conditional sale out of which this controversy grows was made June 29, 1921. Section 3 of chapter 642 of the Laws of 1922 provides: " The repeal of present article four of the Personal Property Law, by this act, shall not impair the application of such article to conditional sales made prior to the time this act takes effect."

It seems doubtful, aside from this provision, if the new article 4 would be applicable to a contract made previously thereto. *Acme Glass Co.* v. *Woods-Lloyd Co.*, 182 App. Div. 538, 542; *Haefelein* v. *Jacob*, 106 id. 163. It might, however, be argued that the new statute relates only to remedies and procedure, and should, therefore, be considered retroactive. 36 Cyc. 1213. But it seems unnecessary to consider that question. The history of the case and the briefs of the parties do not leave any doubt as to their intent and desire to have the new article applied in the determination of this motion, and of the action. When plaintiff took possession of the two motor trucks after the commencement of the action he served a notice upon the defendants under date of January 5, 1924, that he had retaken possession of the trucks " pursuant to the provisions of sections 76 and 78 of the Personal Property Law of the state of New York." Thereafter under date of January 10, 1924, defendants served notice upon plaintiff that he was required to forthwith sell the property retaken " pursuant to section 80 of the Personal Property Law." These sections referred to are all in the new article 4, and no such numbered sections appear in the former article 4, or otherwise in the Personal Property Law. Not only this, but both parties in the briefs submitted on this motion quote from the new article and base substantially their whole argument upon its provisions. Therefore, it is clear that the parties have elected to have this controversy determined in accordance with a statute passed subsequent to the date of the contract out of which the controversy arises. It seems to me that it is within the power of the parties to an action to agree that it shall be determined by a law which otherwise might be held inapplicable. Such mutual election has the force of an agreement or stipulation. No reason is apparent why the court should not accede to this agreement and carry it out. This makes superfluous and inappropriate a determination as to whether, otherwise, the old article 4 would be applicable, and what the rights of the parties might be under it.

It appears from the sales contract that defendants bought two

automobile trucks of plaintiff on June 29, 1921, and agreed to pay therefor $12,712, of which $1,250 was paid on the execution of the contract, $1,250 was to be paid July 10, 1921, and the balance in equal monthly installments. Defendants paid only $3,300 of the purchase price and were in default upon the balance for a considerable period prior to December 17, 1923, when plaintiff brought this action to recover the balance of the unpaid purchase price amounting to $9,412 and interest. The time to answer expired January 7, 1924, but apparently because of some mistake no answer was served, and subsequently on motion defendants were permitted to serve an answer. Whether this has been done does not appear. In the meantime, and on January 5, 1924, plaintiff had taken possession of the trucks. Pursuant to the demand of defendants dated January 10, 1924, heretofore referred to, plaintiff sold the trucks on January 26, 1924. Prior to that time, and on January twelfth, because of the non-service of an answer, plaintiff entered judgment for the balance due in the sum of $10,861.31. The trucks upon the resale brought $4,200, leaving a deficiency of over $6,000. Defendants now move to vacate the judgment and for dismissal of the complaint, upon the ground that plaintiff, having taken possession of the property, abandoned the cause of action set forth in the complaint and had no authority to enter judgment. Such contention is not tenable. Section 80-d provides: " Neither the bringing of an action by the seller for the recovery of the whole or any part of the price, nor the recovery of judgment in such action, nor the collection of a portion of the price, shall be deemed inconsistent with a later retaking of the goods as provided in section seventy-six."

Thus goods may be retaken after action is commenced. The statute so states. It does not state that they may not be retaken pending the action, and before entry of judgment. On the contrary, the implication seems clear that this may be done. If retaken there must be a resale, if demand is made therefor by the buyer. § 80. There is no more reason why the resale should terminate the action than why the retaking should terminate it.

Section 80-b provides that after the resale the seller may recover the deficiency of the buyer. In this case the deficiency is now ascertainable. It is found by applying the proceeds of the sale to the judgment. Why should it be necessary to institute another action and obtain another judgment? The law does not require so useless a thing.

The papers upon this motion indicate that the resale which defendants demanded was in accord with the statute in all respects. No complaint is made upon this score, or that the retaken goods

sold for an inadequate price. Nor is the regularity or good faith of the sale attacked in any way. If there are any issues to litigate under the answer which defendants have been given permission to serve, they must be determined. Otherwise the ends of justice will apparently be met by crediting upon the judgment the amount received upon the resale of the property.

The motion to vacate the judgment and to dismiss the complaint is denied.

Ordered accordingly.