WILLIAM W. DICKSON, Plaintiff, *v.* RAYMOND NILES and THOMAS DAVIES Defendants.

Supreme Court, Montgomery Special Term, October 2, 1924.

Pleadings — reply — action to recover balance due on conditional sale contract — defense of retaking and sale — counterclaim not pleaded — reply cannot be served under Civil Practice Act, § 272, setting up res adjudicata as to defense — plaintiff may prove former order and judgment in avoidance or bar of defense without pleading under Civil Practice Act, § 243.

A reply cannot be served under section 272 of the Civil Practice Act in an action to recover a balance due upon a conditional contract for the sale of automobile trucks, which sets up that the defense of retaking and sale has been adjudicated adversely to the defendants by a prior order and judgment, since a reply cannot be interposed except where a counterclaim is pleaded in the answer.

The allegations of the defense will be, by force of section 243 of the Civil Practice Act, deemed controverted by the plaintiff and he may prove the former order and judgment upon which he relies as avoiding or barring the defense without pleading them.

MOTION to compel defendants to accept a reply.

*Charles E. Hardies,* for the plaintiff.

*Burnham & Frank,* for the defendants.

ANGELL, J. The action is to recover a balance claimed to be due plaintiff upon a conditional contract for the sale of two automobile trucks to defendants. As one of the defenses to the action, defendants set forth in their answer that plaintiff took possession of the trucks under the Personal Property Law, and sold them, and that because of the actions of plaintiff in connection therewith, the claim set forth in the complaint has been released and the cause of action satisfied.

It appears that subsequent to the service of the complaint, the

defendants, setting forth by affidavits the acts regarding the retaking of the trucks by plaintiff, and the transactions of the parties in connection therewith, moved to dismiss the complaint on the ground that it did not state acts constituting a cause of action. This motion was denied by the court at Special Term (122 Misc. Rep. 818), and subsequently the Appellate Division unanimously affirmed the Special Term order (210 App. Div. 801). Thereafter an answer was served setting forth as a separate defense the same facts relating to the retaking of the trucks by plaintiff and their sale, and alleging again that thereby plaintiff had abandoned the cause of action sued on. Plaintiff served a reply to that portion of the answer. This was returned. Hence this motion to compel its acceptance. The reply alleges that this defense has been adjudicated adversely to the defendants, and sets up the order and the judgment entered thereon as a bar thereto. Plaintiff urges upon this motion that if he is not allowed to serve the reply, he fears he will not be permitted upon the trial to prove the order and judgment as a bar to this defense.

The situation thus shown does not seem to be one where a reply is permitted  There is no counterclaim in the answer, and a reply is only permitted where the answer contains a counterclaim. Civ. Prac. Act, § 272. The last sentence of the section referred to states that a reply " may contain two or more distinct avoidances of the same defense or counterclaim," and plaintiff urges that this permits him to serve a reply in this case containing an avoidance of the allegations of the answer. This contention is not tenable, for this sentence must be taken as referring to the instances in which a reply is authorized, and those are specifically limited by the section itself to cases where the answer contains a counterclaim. The courts have held that a reply setting up a defense to an answer by way of avoidance is a useless, and, therefore, an irregular pleading, which defendant cannot be compelled to accept. *Davis Confectionery Co., Inc.*, v. *Rochester G. Ins. Co.*, 141 App. Div. 909; *Mitnacht* v. *Hawthorne*, 31 Misc. Rep. 378.

But plaintiff cannot be deprived of his right to prove the former order and judgment in avoidance or as a bar, if the trial court shall deem them otherwise material. The Civil Practice Act (§ 243) provides that " An allegation of new matter in the answer to which a reply is not required  *  *  *  is to be deemed controverted by the adverse party, by traverse or avoidance, as the case requires." The application of this provision is so broad that " it secures to the plaintiff the benefit of every possible answer to the defense made by way of new matter, not constituting a counterclaim, as fully as though it were alleged in the most perfect manner."

*Arthur* v. *Homestead Fire Ins. Co.,* 78 N. Y. 462, 467. " Every possible answer to the defense " set forth by the defendants here must include the defense of the former order and judgment in this case, either by way of avoidance or as a bar, as the trial court may deem applicable. It cannot be the intent of the law to deprive a party of such a defense. Cases in which a reply may be served would not be limited to those in which a counterclaim is interposed, unless such proof were otherwise available. Any allegations contained in an answer which do not constitute a counterclaim are in issue as fully and as completely as a counterclaim is put in issue by a reply. This is shown by the rulings of the courts in numerous instances. Thus, it is well established that the Statute of Frauds, the Statute of Limitations, the fact that a deed or contract was executed through fraud or undue influence, must, when claimed as a defense in an action, be pleaded. But where a plaintiff relies upon any of these in defense of an answer interposed, he may prove them without a reply. *Pattat* v. *Pattat,* 93 App. Div. 102; *Metz* v. *Metz,* 45 Misc. Rep. 338; *Babcock* v. *Clark,* 93 App. Div. 119; *Dambman* v. *Schulting,* 4 Hun, 50. The principle recognized in these cases necessarily is that any proper defense to an answer is open to a plaintiff without a reply, where a reply is not permitted by statute. In no other way can complete justice be assured.

Plaintiff cites *Westminster Church* v. *Presbytery of New York,* 211 N. Y. 214, and other cases where it is held that where a defendant intends to rely upon a former judgment as a bar in a suit between the parties, it should be pleaded. These cases are in no way opposed to what has been said in the foregoing. A judgment which a defendant seeks to take advantage of as a bar must be pleaded, as must be the Statute of Frauds or the Statute of Limitations. But where a plaintiff seeks to use any of these as an avoidance of an answer not containing a counterclaim they need not be, and cannot be, pleaded because a reply is not authorized; but they are fully available to the plaintiff under section 243 of the Civil Practice Act, and the authorities above cited.

The motion to compel defendants to accept the reply is, therefore, denied.

Ordered accordingly.