FLORENCE E. BRAUER, Plaintiff, *v.* GLENN H. MILLER, Defendant.

Supreme Court, Niagara County, April 11, 1931.

*Judson, Holley & Andrews [J. Wesley Andrews of counsel], for the plaintiff.*

*Hopkins, Brim & Hopkins [W. Alfred Brim of counsel], for the defendant.*

HARRIS, J. The complaint alleges, in substance, that prior to January 9, 1930, the plaintiff was employed by the defendant as a housekeeper and that for the settling of the amount due the plaintiff from the defendant on account of such services, it was agreed that such amount was $1,500, and that the defendant would make and deliver to the plaintiff, and that plaintiff would accept the defendant's promissory note for the said sum, to be payable in five successive annual installments of $300 each, and that in accordance with such agreement, the plaintiff and the defendant met for the purpose of having such note prepared and executed, and that through the mistake, inadvertence and/or fraud of the defendant, a note was delivered to the plaintiff by the defendant in a form different from that agreed upon, and that, for the purpose of deceiving the plaintiff, the true character of such note was concealed from the plaintiff by the defendant and that such note was accepted by the plaintiff through mistake and inadvertence on her part. In the complaint the plaintiff offers to return such note for cancellation and demands judgment for the agreed amount of indebtedness, to wit, the sum of $1,500 and for equitable relief.

In my opinion, it is apparent that the plaintiff seeks judgment for the amount of $1,500. She does not ask for a reformation of the agreement which she alleges to have been made between herself and the defendant, a reformation to which, if her allegations were truthful, she would be entitled on the equity side of this court. She instead asks for a rescission of the contract of settlement and money damages. At law she would be entitled to plead the same facts and declare her own rescission and then seek damages, and such an action would necessarily lead to a jury trial. She cannot avoid such jury trial by the present type of pleading and it is

necessary to grant the motion of the defendant for the dismissal of the complaint, on the ground that the plaintiff has an adequate remedy at law. However, such motion is granted with the further provision that the plaintiff have ten days from the service of an order embodying the above decision, within which to serve an amended complaint either in equity, praying for a reformation of the contract, or in law, demanding judgment for the amount claimed to be due. This order is to be with ten dollars costs to the defendant.