EAGLE BAY PARK ASSOCIATION and Others, Respondents, v. GEORGE H. LONG-STAFF, Appellant.— Order affirmed, with ten dollars costs and disbursements. Memorandum: The complaint shows that a restrictive covenant was placed in the deed conveying the lots to defendant's mother as a part of a general scheme of development of Eagle Bay Park. Thus such covenant may be enforced by the owners of other lots in that tract similarly restricted. (*Korn* v. *Campbell*, 192 N. Y. 490; *Vogeler* v. *Alwyn Improvement Corp.*, 247 id. 131, 136.) It is not necessary in an action to enforce a restrictive covenant to show that the plaintiff will be damaged. (*Walker* v. *McNulty*, 19 Misc. 701.) It is sufficient to show that the plaintiffs are owners of other lots which will benefit by the enforcement of the covenant. (*Neponsit P. O. Assn.* v. *Emigrant Ind. Sav. Bank*, 278 N. Y. 248, 261.) The plaintiffs' right to relief arises out of a series of deeds conveying to different parties lots in Eagle Bay Park. A common question of law as to whether defendant's use of his lots is in violation of the restrictive covenant contained in all such deeds would arise if the plaintiffs brought separate actions. Therefore, the owners of lots in that tract similarly restricted may be joined as parties-plaintiff in this case. (Civ. Prac. Act, § 209; *Akely* v. *Kinnicutt*, 238 N. Y. 466.) All concur. (The order denies defendant's motion to dismiss the complaint in an action to restrain defendant from using certain lots owned by him in a residential park.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

CATHERINE E. SCHREIBER, Respondent, v. FRANK J. SCHREIBER, Appellant.— Order affirmed, with ten dollars costs and disbursements, with leave to defendant to ask for a bill of particulars if so advised. All concur. (The order denies defendant's motion to preclude plaintiff from giving certain testimony, in an action to vacate a separation agreement.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.