ERIE COMMERCIAL CORP., Respondent, v. LILLIAN L. THEN, Appellant.— Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event. Memorandum: The defendant's answering affidavit presents a triable issue as to whether or not there was a mutual rescission of the conditional sales contract based upon the facts set forth in said affidavit. The fact that such defense was not pleaded *is not fatal* as the defendant may ask to amend her answer on the trial or on motion. A cross-motion for such relief will

not lie on a motion for summary judgment. Such a motion is not addressed to the pleadings. (See *Mc Kenzie* v. *Harrison*, 120 N. Y. 260, 263; *Gravenhorst* v. *Zimmerman*, 236 id. 22, 27; *Bowery Savings Bank* v. *Sonona Holding Corp.*, 251 App. Div. 746; *Brauer* v. *Miller*, 140 Misc. 80; *Lewis Historical Pub. Co., Inc.*, v. *Bowe*, 142 id. 862; *Burgin* v. *Ryan*, 238 App. Div. 122, 123; *Curry* v. *Mackenzie*, 239 N. Y. 267, 272; *Security Finance Co.* v. *Stuart*, 130 Misc. 538–540.) Since this action is purely statutory and was begun within six years after the alleged sale of the chattel in question, the plea of the six-year Statute of Limitations is not available to the defendant. (See *Dickson* v. *Niles*, 122 Misc. 818, 820; affd., 210 App. Div. 801; Civ. Prac. Act, § 48, subd. 2; *Shepard Co.* v. *Taylor Publishing Co.*, 234 N. Y. 465, 467, 468; *Schmidt* v. *Merchants Despatch Trans. Co.*, 270 id. 287, 305.) All concur. (The judgment is for plaintiff in an action under a conditional contract of sale. The order grants plaintiff's motion for summary judgment.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

CLARENCE E. PARKER, JR., Appellant, v. THE JEWETT REFRIGERATOR CO., INC., Respondent.— Motion for reargument denied, with ten dollars costs; motion for leave to appeal to Court of Appeals denied. Present — Crosby, P. J., Cunningham, Taylor and Dowling, JJ.