JOSEPH ROSENFELD and Others, Appellants, *v.* WILLIAM OLECK, Doing Business as INDEPENDENT DIRECTORY Co., Respondent.

Second Department, March 3, 1941.

*Henry Vollmer, Jr.* [*John C. Osborne* with him on the brief], for the appellants.

*John Schulman* [*Sidney Struble* with him on the brief], for the respondent.

PER CURIAM. In substance, plaintiffs allege in their complaint that the defendant is engaged in procuring advertising and in publishing what he described as " Independent New York Suburban Telephone Subscribers Guide — Classified Telephone Directory," which is so printed and composed as to be similar to and calculated to deceive one into believing that it is the Queens classified telephone directory printed by the Reuben H. Donnelley Corporation, hereinafter refered to as Donnelley, and attached to the Queens telephone directory, having a wide circulation commensurate with the number of telephone subscribers in Queens county; that plaintiffs are subscribers to and advertisers in the Queens classified telephone directory published and maintained by Donnelley; that the defendant forwarded to each plaintiff a paper writing purporting to be a copy form and authorization blank for advertising which by photostat is annexed to the complaint and marked Exhibit A; that the form, substance, color and appearance of defendant's contract are such that the thirty-six corporate and individual plaintiffs were induced to believe and did believe that it was Donnelley's annual renewal form and that plaintiffs believed that they were dealing with Donnelley; that defendant's directory for the borough of Queens consisted of only 126 pages, while Donnelley's directory for that borough consisted of 492 pages; that defendant's representations were knowingly false and were made with the intent to deceive plaintiffs, and that plaintiffs, relying upon such false representations, were deceived into believing that they were dealing

with Donnelley, by reason of which the papers signed by them never became valid contracts; that plaintiffs join in one action because their right to relief arises out of a similar series of transactions, and common questions of law and fact arise in connection therewith; and that plaintiffs have no adequate remedy at law because defendant has threatened to bring actions upon the alleged contracts against all the plaintiffs, and has brought action in the Municipal Court in Manhattan against ten of them, and that the bringing of a separate action against each plaintiff will result in a multiplicity of suits.

Judgment is demanded rescinding the alleged contracts and decreeing them to be void and of no effect, enjoining defendant from instituting further actions to recover thereon, restraining the prosecution of the actions already brought, and enjoining defendant, as above stated, pending the determination of this action; and for such other and further relief as may seem just.

The sole ground of the learned Special Term justice's decision is that it appears on the face of the complaint that plaintiffs have adequate remedies at law, and that rescission is not essential to protect their claimed right to have the contracts declared void. He cites *Schank* v. *Schuchman* (212 N. Y. 352) discussed *infra*. He also holds in effect that when plaintiffs respectively shall be sued at law on these contracts, they may interpose defenses based upon the facts alleged in the complaint.

It is familiar law that a person who has parted with consideration upon a contract induced by fraud has three remedies open to him: (1) He may rescind the contract absolutely and sue in an action at law to recover the consideration he parted with; (2) he may bring an action in equity to rescind the contract and in that action have full relief; or (3) he may retain what he has received and bring an action at law to recover the damages sustained. (*Sager* v. *Friedman*, 270 N. Y. 472, 479, 480, and cases cited.) Plaintiffs herein are pursuing the second of these remedies. They are invoking the aid of equity. Their right to do so cannot be questioned. (*Sager* v. *Friedman*, *supra*; *E. T. C. Corp.* v. *Title Guar. & Trust Co.*, 271 N. Y. 124, 127, 128; *Gould* v. *Cayuga County Nat. Bank*, 86 id. 75, 83; *Powell* v. *Linde Co.*, 49 App. Div. 286, 291.) Manifestly the circumstances that any plaintiff sued at law by the defendant upon the given contract could assert the claimed fraud as a defense in that action, in no way impairs his right to maintain this action for rescission in equity.

*Schank* v. *Schuchman* (*supra*), read in the light of its own peculiar facts, presenting merely an action at law for money had and received, based upon fully executed transactions, is not at variance

with our view that plaintiffs herein are within their rights in maintaining this action in equity; for this is a case " where the transaction in one or more of its elements is still executory." (Id. p. 357.)

Finally, it was proper for plaintiffs, each one of whom has a separate and distinct cause of action against the defendant, to join in this single action, under the present liberal practice. (Civ. Prac. Act, § 209; *Akely* v. *Kinnicutt*, 238 N. Y. 466, 470, 472, 474, 477.)

The order and judgment appealed from should be reversed on the law, with ten dollars costs and disbursements, and the motion to dismiss the complaint denied, with ten dollars costs, with leave to defendant to answer within ten days from the entry of the order hereon.

LAZANSKY, P. J., HAGARTY, CARSWELL, TAYLOR and CLOSE, JJ.

Order and judgment reversed on the law, with ten dollars costs and disbursements, and the motion to dismiss the complaint denied, with ten dollars costs, with leave to defendant to answer within ten days from the entry of the order hereon.