ALBERT A. AYUSO, Respondent, v. LANE FOODS, INC., Appellant.—

The motion for leave to amend was made almost three years after the commencement of the action, and after the action had been tried, a verdict for the plaintiff had been returned on trial, and an appeal had been taken to this court, which resulted in the affirmance of an order setting aside the verdict in plaintiff's favor. Whether the defense of the Statute of Limitations may be sustained will depend on proof as to whether a previous action by the plaintiff for the same relief was, or was not, dismissed with plaintiff's consent. Evidence as to what actually transpired at the time of such dismissal would, in all probability, have been readily available when the present action was commenced. Almost three years have now passed, and in the prosecution of the present action and the appeal which followed the setting aside of the jury's verdict, plaintiff has been put to considerable expense, which could have been avoided if the facts, which defendant knew, or should have known, had been promptly pleaded as a defense when defendant's answer was interposed in 1948. Under the circumstances disclosed, we see no improvident exercise of discretion, at Special Term, in the denial of defendant's motion for leave to amend. Nolan, P. J., Carswell, Johnston, Sneed and Wenzel, JJ., concur.

BARTLEY CONTRACTING CORPORATION, Appellant, v. DOMINICK ARONNA et al., Respondents.—

No opinion. Nolan, P. J., Carswell, Johnston, Sneed and Wenzel, JJ., concur. [See *post*, p. 665.]

SAUL BLECHER et al., Respondents, v. ROCKVILLE PARK HOMES, INC., Appellant.—

(*Akely* v. *Kinnicutt*, 238 N. Y. 466; *Great Northern Tel. Co.* v. *Yokohama Specie Bank*, 297 N. Y. 135; *Chiba* v. *Kurutz*, 263 App. Div. 33; *Rosenfeld* v. *Oleck*, 261 App. Div. 296; *Eagle Bay Park Assn.* v. *Longstaff*, 256 App. Div. 1036.) Nolan, P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.