HUGH L. VINE et al., Plaintiffs, *v.* PIEHLER PONTIAC CORPORATION et al., Defendants.

Supreme Court, Special Term, Monroe County, December 29, 1954.

*Francis A. O'Brien* for Piehler Pontiac Corporation, defendant.

*Arthur B. Curran, Jr.,* for General Motors Acceptance Corporation, defendant.

*James F. Glynn* for plaintiffs.

WITMER, J. Defendants have moved for dismissal of the complaint for rescission in equity herein on the ground that it does not state facts sufficient to constitute a cause of action. Specifically, they contend that instead of an action in equity for rescission plaintiffs' remedy, if any, is by way of an action at law for damages, and that despite the general allegation in the complaint that plaintiffs have no adequate remedy at law, no facts are alleged to support such assertion.

Plaintiffs allege that in September, 1954, they bought an automobile of defendant Piehler Pontiac Corporation (hereinafter referred to as Piehler), and executed a conditional sales contract thereon providing for thirty-five monthly installment payments, and that they paid Piehler some cash and transferred to it their equity in another car which they traded in as part of the down payment; that thereafter Piehler assigned the conditional sales contract to defendant General Motors Acceptance Corporation, and plaintiffs received delivery of the purchased automobile. Plaintiffs allege that '' a short time '' after they received the new car '' material defects which were not discoverable until the said automobile was driven, and which rendered said automobile dangerous and unsafe to operate on a public highway '' were revealed; that had plaintiffs known of such defects before purchasing the car they would not have bought it; and that the purchase and sale thereof was by reason of mutual mistake of the plaintiffs and defendant Piehler or mutual mistake on the part of the plaintiffs and fraud on the part of Piehler. Plaintiffs further allege that upon discovering the defects they tendered the car back to the defendants and demanded the return of their cash payment and the car which they traded in as part of the down payment; and plaintiffs make the same demand in this action, plus a demand that the court decree that the conditional sales contract is void because of such mutual mistake or mistake and fraud.

Mutual mistake with respect to a fundamental part of the bargain which renders it inequitable to permit the bargain to stand is ground for rescission upon equitable grounds (*Lindlots Realty Corp.* v. *County of Suffolk,* 278 N. Y. 45, 53; *Rosenblum* v. *Manufacturers Trust Co.,* 270 N. Y. 79; *Bloomquist* v. *Farson,* 222 N. Y. 375; 2 Williston on Sales, § 656), and relief may be had thereon in equity if there is no adequate remedy at law. The question before the court is whether the plaintiffs have a right to maintain this action in equity.

The basis of defendants' motion is that a particular automobile of general make is not a proper object of specific performance and that plaintiffs may receive full redress in an action at law for damages. This is the usual rule in actions of this sort. (*Schank* v. *Schuchman,* 212 N. Y. 352; *Walter* v. *Garland Automobile Co.,* 164 App. Div. 183; *John Berg, Inc.,* v. *Associated Spinners,* 201 Misc. 627; 2 Williston on Sales, § 656). Even in such actions, though sounding in equity, if they contain sufficient allegations for relief at law, a motion to dismiss will be denied. (*Walter* v. *Garland Automobile Co.,* 164 App. Div. 183,

*supra*). In the case at bar it is noted that in addition to a demand for return of the cash down payment, there is demand for return of the car which was traded in but there is no alternative demand for the fair and reasonable value of the equity in such car, and hence the complaint is not complete as an action at law.

Plaintiffs here also seek to have the court declare void the conditional sales contract. Unless the court grants such relief, assuming as we must on this motion that plaintiffs will eventually prove the facts they allege, plaintiffs may be subjected to litigation thereon, by one of these defendants or a subsequent assignee thereof. In respect of the outstanding conditional sales contract this transaction is still executory. This, it seems to me, is a sufficient reason to invoke the aid of a court of equity. (*Bosley* v. *National Machine Co.*, 123 N. Y. 550, 555; *McHenry* v. *Hazard*, 45 N. Y. 580; *Rosenfeld* v. *Oleck*, 261 App. Div. 296, and see *Schank* v. *Schuchman*, 212 N. Y. 352, 356–357, *supra*.) Even so, if the plaintiffs prevail, the court undoubtedly will not require the return of the car traded in, but will award to the plaintiffs the reasonable value of the equity therein.

The motions are therefore denied.