James C. O’Brien, J.
Plaintiff owns a lot upon which her home is located, situate on the south side of Elmwood Avenue in a tract known as Home Acres. This tract is in the town of Brighton, Monroe County, New York. The defendant purchased two lots in the same tract, which lie westerly of plaintiff’s lot. They also front on the south side of Elmwood Avenue and they are separated from plaintiff’s property by two lots. Plaintiff brings this action to enforce against the defendant a restrictive covenant which is common to and incorporated in all deeds to lots in the tract. This covenant provides that not more than one house shall be built on any one lot.
After defendant purchased its two lots, it subdivided them into three lots and has constructed thereon three separate houses which are in different stages of completion. The restrictive covenant with, which we are concerned is part of the general scheme of development of this residential tract of land and ordinarily it can be enforced by any owner of a lot against any other, lot owner in the tract. (Korn v. Campbell, 192 N. Y. 490; Eagle Bay Park Assn. v. Longstaff, 256 App. Div. 1036.) *48 Defendant argues that plaintiff was guilty of laches which should bar her from equitable relief and that the damage which would be caused to the defendant by a judgment requiring the removal of one of the three houses would be excessive in proportion to any benefit which the plaintiff would derive from such relief.
We consider first the matter of laches. About the latter part of January in the year 1955, Mrs. Milanette, wife of one of the officers of defendant corporation, called upon plaintiff. She told plaintiff that she represented the defendant and asked the plaintiff to consent to a resubdivision of defendant’s two lots into three. Plaintiff refused her consent. Thereafter and on February 4, 1955, Mr. Milanette, an officer of the defendant, wrote a letter to plaintiff, dated on that date, again soliciting her approval. Some short time after this, probably about mid-February, Mr. Milanette and an attorney called upon the plaintiff and again discussed the matter. Plaintiff again definitely and explicitly refused her permission to the proposed resubdivision and they told her in substance that they proposed to go ahead anyway with their plans. This is all undisputed. Sometime after this and about in the middle of March, 1955, plaintiff saw an engineer putting some stakes into the front part of defendant’s property. Building permits were issued on March 18th and were nailed to three trees on defendant’s two lots. Shortly after this construction of one house was actually started. When this was well under way a second house was started, and that was early in May, 1955. Plaintiff says that it was about the first of June, 1955, when she first saw evidence that a third house was to be constructed and that on or about that date a bulldozer started excavating for the third house. The complaint was verified on June 17th and was served on June 22, 1955.
The defendant argues that since plaintiff was informed unequivocally in early February, that defendant proposed to resubdivide the two lots into three and construct three houses, and that defendant went ahead with its plans, as above stated, constructing the houses in sequence, that plaintiff has unreasonably delayed. It seems to me that plaintiff, a lay person, was first called upon to act within a reasonable time after she realized that defendant actually would carry out its proposal to construct three houses. Authorities cited by defendant’s counsel in their brief include cases in which the plaintiff stood by and waited until structures had been almost completed before an action was commenced. We could hardly expect the plaintiff to commence an injunction action before defendant actually began the con *49 struction of the third house. So long as there were only two houses under construction I do not feel she was called upon to take any action and do not find her guilty of laches which will bar equitable relief.
The plaintiff, to maintain this action, does not have to show actual damage. (Barnett v. Vaughan Institute, 134 App. Div. 921, affd. 197 N. Y. 541.) However, the right to specific performance of a covenant by decree of a court of equity rests in judicial discretion and may be granted or withheld upon consideration of all the circumstances. (Zipp v. Barker, 40 App. Div. 1, affd. 166 N. Y. 621.)
The tract with which we are concerned is a fine residential tract and its character has not changed over the years, although it must be conceded smaller and lower priced homes have been built on smaller sized lots on tracts and areas adjoining it. Ordinarily where the protected area, itself, has not deteriorated, such covenant is enforcible in equity despite a change in the surrounding area. (Zipp v. Barker, supra; Pagenstecher v. Carlson, 146 App. Div. 738.) In this case the restrictive covenant continues to be of value to the property protected and the fact that some of the territory surrounding the restricted district has changed in character does not prevent the enforcement of the restriction within the district.' (Berry on Restrictions on Use of Real Property, § 411, p. 553. Trustees of Columbia College v. Thacher, 87 N. Y. 311,319.) In the Trustees of Columbia College v. Thacher case, where a restrictive covenant was sought to be enforced, one argument advanced as a defense was that the current of business affairs had covered the entire premises fronting on Sixth Avenue, both above and below the lot in question, and that accordingly there had been such a change in the neighborhood as to make inequitable the enforcement of a covenant forbidding business use. On this question Judge Danbobth (p. 319) makes this observation: “If this was all, however, the plaintiffs would be justified in their claim, for it is apparent from the agreement that such encroachment was anticipated, and that the parties to it intended to secure the property in question from the disturbance which business would necessarily produce.”
The defendant cited in support of its argument a number of cases. However, each of them contains facts and circumstances which are not present in our case. For example, Forstmann v. Joray Holding Co. (244 N. Y. 22) was decided in November, 1926, and the restrictive covenant, enforcement of which would compel the removal of a building costing $43,000, expired on *50 January 1, 1929. At the conclusion of its opinion, at page 32, the court says: “ They were not defiantly disregarding plaintiff's ’ rights, but were asserting their own conflicting rights; Under these conditions, even if defendants might in the exercise of discretion properly have been enjoined from proceeding with their proposed building, equity will not order them to pull down their structure when they might restore it after the lapse of two years-. The rules under which mandatory injunctions have been issued1 for such a purpose have not been applied to a case like this.” (Emphasis supplied.)
There is no dispute about the fact that the defendant, before any building operations were commenced, well knew of the existence of the restriction. It was definitely informed on several occasions by the plaintiff that she would not consent to defendant’s violating the covenant. Accordingly, defendant’s violation of the covenant was deliberate and willful, as was the conduct of the defendant in McKenna v. Levy (182 App. Div. 678) where, in defiance of: a similar restrictive covenant, defendant erected three houses upon two lots.
In considering the expense to which defendant will be put because of the enfbrcement of the covenant, it should be remembered that the greater part of the construction of the most westerly, the third, house occurred after this action was commenced.
I conclude that the plaintiff is entitled to a mandatory injunction requiring the defendant to comply with the restriction in the deed', by removing- one of the three houses. It is hoped that the parties can agree as to which house Is to be- removed. If they cannot agree, the court will specify such house in the judgment to be entered upon this decision.
The foregoing is the decision of the court, made and signed pursuant to section 440 of the Civil Practice Act.
Submit for signature proposed judgment approved as to form by counsel for defendant. If such approval is not secured, settle form of judgment on five days ’ written notice.