Marcus Gr. Christ, J.
Motion for a reargument of a motion for summary judgment.
*966 The plaintiff now urges facts and a theory of action which varies from that contained in the complaint or averred in his original affidavit.
The theory of the complaint is that the plaintiff was damaged in the sum of $613.36 as the result of false statements by the defendant vendor that there were no liens or incumbrances existing at the time of the closing of title. As the assessment which was paid by the plaintiff was not made by the Town Board of the Town of Hempstead until September 11, 1956 and the conveyance to the plaintiff was on December 5, 1955, this court held on the original motion that there was no lien or encumbrance on the earlier date for the paving done by the town. An assessment must be ascertained and determined before it may be considered as a lien or an encumbrance (Harper v. Dowdney, 113 N. Y. 644).
The plaintiff now contends that the defendant violated an ordinance and a notice of the Town Board respecting sidewalk repairs thereby breaching another covenant of the contract wherein the seller agreed to convey the premises free of any “ notes or notices of violation of law or municipal ordinances or orders or requirements noted in or issued by the Departments of Housing and Buildings, Fire, Labor, Health or other State or Municipal Departments having jurisdiction against or affecting the premises at the date hereof ”. In support of that theory of action he cites Harlank Realty Corp. v. Rosenstook (154 N. Y. S. 2d 95).
Without considering the merits of the new advanced theory of action — as facts supporting that theory are not pleaded in the complaint — the court will grant reargument and on reargument adhere to its original decision dismissing the complaint with leave, however, to the plaintiff to serve an amended complaint within 20 days. ‘ ‘ The plaintiff may not defeat such a motion [Bules Civ. Frac., rule 113] because he may have a good cause of action on a differently stated complaint. (Cohen v. City of N. Y., 283 N. Y. 112; Elsfelder v. Cournand, 270 App. Div. 162, 165.) ” (Potolski Int. v. Hall’s Boat Corp., 282 App. Div. 44, 48.)
Settle order on notice.