Vincent A. Ltjpiano, J.
This is a motion by the defendant for summary judgment. The plaintiff has cross-moved to amend its verified complaint. The action seeks damages for breach of an employment contract by a mutual casualty insurance company who discharged its general counsel after 14 years of service.
The original complaint alleges that in 1948 the parties entered into a written lifetime employment contract which, however, could be terminated by the company for good cause or by the plaintiff at any time. The plaintiff agreed to devote his best efforts as general counsel for the company and to refrain from engaging in any type of competitive business with that of the defendant. The contract also provided that the defendant would secure a life insurance policy upon the plaintiff’s life, pay the premiums thereon, and distribute the proceeds of the policy to the plaintiff’s named beneficiaries upon his death. If the plaintiff was discharged for cause or retired because of necessity, the cash surrender value of the policy was to be paid to the named beneficiaries. Annexed to the complaint is the alleged written contract and a corporate resolution by the defendant approving the contract.
The proposed amended complaint alleges that from 1946 to 1948 the plaintiff was hired from year to year at a fixed compensation and that the 1948 agreement orally modified the yearly employment terms, providing that it was of lifetime duration. The writing was to modify the terms of the compensation only. The second cause of action of the proposed amended complaint alleges an oral contract for life. It is different from the writing in the original complaint in that it eliminates the clause permitting the plaintiff to resign at will and states that compensation would be “an amount commensurate with his ability and experience and the nature and character of the services performed, which amount was originally fixed at approximately $12,000 per annum ”. A schedule is also attached to the proposed amended complaint listing plaintiff’s salary over the years. From this it can be observed that the plaintiff by his amended complaint has attempted to modify the theory of his case from that of written contract of employment to that of an oral contract. Thus many of the issues raised upon the motion for summary judgment addressed to the original complaint may not be pertinent if the motion for the amended complaint is granted. For it may well be that many of the alleged infirmities found in the written contract may have been cured by the amended complaint.
As to the cross motion, counsel for the plaintiff states that the original complaint was drawn in haste to bring suit first *932 after the defendant had served a summons on the plaintiff containing a notice that the defendant intended to institute an action to invalidate the alleged contract of employment. This summons was served on the plaintiff less than three weeks after his notice of discharge. Moreover, the motion to amend the complaint has been made within three months of the inception of this action. Our courts have been uniformly lenient in permitting parties to amend their pleadings so as to allow them to litigate all questions affecting their rights (Bendan Holding Corp. v. Rodner, 245 App. Div. 723; Milliken v. McGarrah, 164 App. Div. 110; Green Point Sav. Bank v. Central Garden Unit No. 1, 279 App. Div. 1078). And in Mandracchia v. McKee (8 Misc 2d 965), the plaintiff was permitted to amend his complaint after summary judgment had been granted dismissing the original complaint. In view of this and plaintiff’s understandable haste in framing his original complaint, the cross motion to amend the complaint is granted.
The motion for summary judgment seeks to dismiss the original complaint upon the grounds that (1) the parties never intended the writing to be a contract of employment; (2) the writing on its face is not a contract of employment; and (3) if such a writing were a contract it is ultra vires, lacks mutuality, lacks adequate consideration, fails to state a fixed amount of consideration or a promise to hire. Since the motion to amend has been granted, all of the afore-mentioned issues except that of ultra vires are now premature. What may have been infirmities in the original complaint may now be cured by the amendments thereto or at least raise triable issues as to whether the contract was in fact written or oral. And while the issue of ultra vires or lack of authority may be common to both the original complaint or the new complaint, more recent decisions have held that such questions present triable issues of fact. For our courts will no longer permit a corporation to enjoy the benefits of long-term contracts and then disclaim liability, as a matter of law, because of lack of corporate authority. (Farmer v. Arabian Amer. Oil Co., 277 F. 2d 46; Riefkin v. du Pont de Nemours & Co., 290 F. 286; cf. Lee v. Jenkins Bros., 268 F. 2d 357 [2d Cir., 1959].)
Where a plaintiff has been permitted to amend his complaint to plead new facts and has modified the theory of his case, the consideration of a motion for summary judgment should be deferred until the defendant has answered the amended complaint and revised his moving papers to meet the new issues. (Gaston & Co. v. Independence Ind. Co., 217 App. Div. 730; Carner v. Manufacturers Trust Co., 248 App. Div. 770; Erie *933 Commercial Corp. v. Then, 259 App. Div. 786; Olshin v. Allied Freightways, 65 N. Y. S. 2d 872.) And in Levitz v. Robbins Music Corp. (6 A D 2d 1027), it was held that, where a plaintiff presented facts not pleaded in the complaint in opposition to a defendant’s motion which required denial of the motion, he should be permitted to redraft his complaint so as to allege the facts set forth in the affidavits. (See, also, Bright v. O’Neill, 3 A D 2d 728.)
Accordingly the cross motion for leave to serve an amended complaint is granted. The motion for summary judgment is denied without prejudice to renew after service of the amended complaint. The amended complaint shall be served within five days after the entry of this order.