William B. Groat, J.
Motion by defendant for an order dismissing the first cause of action of the complaint on the ground of legal insufficiency and on the further ground that the plaintiff has an adequate remedy at law.
The complaint sets forth two causes of action, the first of which is based on rescission of a contract for the sale of real property on the ground of fraud. It is therein alleged that at the time the contract was entered into defendant made certain representations regarding the ownership of the lawn, easements, nonencroachments and the marketability of title and that the aforesaid representations were false and fraudulent, including, specifically, the marketability of title. Annexed to and made part of the complaint is a copy of the contract which contains a general merger clause to the effect that the written instrument completely expresses the agreement and that all understandings and agreements heretofore had between the parties are merged therein. The contract further provides that the premises are sold subject to “ Any state of facts a new and accurate survey might show, provided the same does not render title unmarketable.”
In the opinion of the court, the complaint sufficiently sets forth a cause of action for rescission of the contract on the ground of fraud. The case of Danann Realty Corp. v. Harris (5 N Y 2d 317) relied upon by defendant is not controlling under the circumstances here presented. In that case, the court concerned itself with a specific disclaimer clause and found (p. 320) that “ plaintiff has in the plainest language announced and stipulated that it is not relying on any representations as to the very matter as to which it now claims it was defrauded. ’ ’ The court, in Danann, was not concerned with a general merger clause as in the case at bar and stated at page 320 that were it so dealing, “ our task would be simple. A reiteration of the *236 fundamental principle that a general merger clause is ineffective to exclude parol evidence to show fraud in inducing the contract would then be dispositive of the issue (Sabo v. Delman, 3 N Y 2d 155).”
The first cause of action in the complaint, however, must be dismissed on the alternate ground, namely, that plaintiff has an adequate remedy at law. While the first cause of action seeks rescission on the ground of fraudulent representations, the allegations contained therein would clearly indicate that plaintiff has an adequate remedy at law (Terner v. Glickstein & Terner, Inc., 283 N. Y. 299; Brauer v. Miller, 140 Misc. 80), particularly in view of the aforementioned provision of the contract regarding marketability of title, which, as already noted, has been made part of the complaint. Plaintiff himself seems to recognize his remedy at law by pleading such in his second cause of action. Accordingly, the motion to dismiss the first cause of action is granted.
(On reargument.)
Plaintiff’s motion for leave to reargue is granted and the order dated December 27, 1961, vacated.
Upon reargument defendant’s motion to dismiss the first cause of action of the complaint is denied. Although it would appear from the allegations contained in the first cause of action that plaintiff may be adequately compensated at law, nevertheless plaintiff may assert this action in equity for rescission of the executory contract (Schank v. Schuchman, 212 N. Y. 352, 357; Rosenfeld v. Oleck, 261 App. Div. 296, 298), particularly where it concerns the purchase of real property. (Davis v. Rosenzweig Realty Co., 192 N. Y. 128; Becker v. Church, 115 N. Y. 562.)